**17 So.2d 23**
**MISTICH v. HOLMAN.**
No. 37339.
Feb. 7, 1944.

Maurice B. Gatlin, of New Orleans, for appellant.

Prowell & McBride and Oswald W. Viosca, all of New Orleans, for appellee.

PONDER, Justice.

Mrs. Dorothy Holman Mistich, defendant appellee, seeks to dismiss the appeal in

---

[1] 205 La. 154.                                        [2] 205 La. 141.

this case. It appears that the testimony presented in the lower court was not taken down in writing, and that the transcript of the appeal contains no note of evidence, no statement of facts, no assignment of errors and no bills of exception. The transcript contains merely the pleadings in the case. The judgment appealed from was rendered in a suit for separation from bed and board wherein the defendant reconvened. The determination of the suit depended entirely upon the testimony and veracity of the witnesses. The appellee takes the position that the record does not present any question upon which this Court could pass for the reason that it does not give knowledge of the matters argued or contested in the lower court and does not put this Court in the possession of the facts upon which the trial court based its decree.

The plaintiff, Louis Mistich, brought suit against his wife, Dorothy Holman Mistich, for separation from bed and board and custody of their two minor children. The defendant answered by way of general denial and reconvened, praying for a judgment of separation from bed and board, custody of the minor children and alimony in the sum of $50 per month. On trial, the lower court gave judgment in favor of the defendant on the reconventional demand and dismissed the plaintiff's demand.

The judgment of the lower court was rendered on August 20, 1943. On August 31, 1943, the plaintiff petitioned for a suspensive appeal and requested permission to file a statement of facts at any time before the return day of the appeal, reserving to the defendant the right to file a statement of facts. On the same day, the chief deputy clerk of court signed an order granting the plaintiff a suspensive appeal returnable to this Court on October 25, 1943 and giving both the plaintiff and the defendant permission to file in the record a statement of facts at any time prior to the return date of the appeal.

On September 8, 1943, counsel for the plaintiff requested counsel for the defendant to join with him in drafting a statement of facts, which request was refused. Plaintiff's counsel then asked the judge of the lower court to make a statement according to his recollection of the facts. The judge of the lower court refused to draft a statement of facts on the ground that he was without authority to make such a statement after the signing of the order of appeal and on the further ground that the chief deputy clerk of court was without authority to extend the period of time fixed by law for making a statement of facts.

Article 601 of the Code of Practice provides:

"Either party may require the clerk to take down the testimony in writing, which shall serve as a statement of facts, if the parties should not agree to one."

In Article 602 of the Code of Practice it is stipulated:

"When the deposition of witnesses have not been taken in writing in the inferior court, the party intending to appeal, or his advocate, must require the adverse party or his advocate, to draw, jointly with him, a statement of the facts proved in the cause,

and this statement thus drawn and signed, either by the parties or their advocates, shall be annexed to the records, and a transcript of the same transmitted to the Supreme Court."

Article 603 of the Code of Practice contains the following provisions:

"If the adverse party, when required to do so, refuse to join in making out the statement of facts, or if the parties can not agree as to the manner of drawing the same, the court, at the request of either, shall make such statement according to their recollection of the facts, or from the notes they have taken of the evidence."

It appears from the petition for and order granting a suspensive appeal that the appellant did not comply with any one of the above quoted articles of the Code of Practice. In his petition for a suspensive appeal, he alleged that the testimony heard on the trial was not taken down or reduced to writing; that it was necessary that he furnish a statement of facts to be made part of the record; and that he desired to be permitted to file such statement at any time before the return day, reserving to the defendant a similar right. The prayer of his petition is to the same effect. The order of appeal, signed by the chief deputy clerk of court, after granting the suspensive appeal, states: "it is further ordered that the plaintiff and defendant are both permitted to file in the record herein a statement of facts to be made a part of said record at any time before the return day fixed herein."

■ It is well settled that after an order of appeal has been granted and the appeal bond signed, the appeal is perfected, and the trial court is divested of jurisdiction, except the right to test the sufficiency of the appeal bond as of the date when filed. New Orleans Silica Brick Co. v. John Thatcher & Son, 152 La. 649, 94 So. 148; Harnischfeger Sales Corp. v. Sternberg Co., 177 La. 373, 148 So. 440.

■■ For the purpose of this decision, if we were to concede that the right to supply a statement of facts could be reserved in an order granting an appeal, the appellant in this case could be afforded no relief for the reason that this Court could not consider a statement of facts made by the appellant in compliance with the reservation in the order of appeal. The order of appeal did not reserve the right of the appellant to require the adverse party to draw jointly with him a statement of facts in compliance with Article 602 of the Code of Practice, nor did it reserve to him the right to have the trial judge furnish a statement of facts in the failure of the parties to agree in compliance with Article 603 of the Code of Practice. We do not know of any law that would warrant this Court's considering a statement of facts prepared by either a plaintiff or a defendant. In order for this Court to consider a statement of facts, it would have to be made in compliance with one of the above quoted articles of the Code of Practice.

Act No. 234 of 1932 is not applicable to this case for the reason that an incomplete record of the transcript of the trial court is not involved. All of the record of the trial court is embodied in the transcript.

For the reasons assigned, the appeal is dismissed at appellant's cost.