This is a petitory action wherein plaintiff alleged that it is the owner of the North One-Half (N 1/2) of the Southeast Quarter (SE 1/4), Section 26, Township 4 North, Range 13 West, in Sabine Parish, and that the defendant, Mary Fobbs, widow of M. A. Fobbs, deceased, was in the actual, physical possession of seventy (70) acres of the tract. It is further alleged that defendant in so possessing the land, was a trespasser thereupon and that she has refused to surrender possession thereof to plaintiff, although having been requested to do so. Plaintiff prayed for judgment recognizing its title and ownership to the land, and ordering defendant to vacate same and deliver possession thereof to it.
Defendant, although personally served with process, did not answer. Issue was joined by default, which, after legal delays, was confirmed and judgment signed as prayed for by plaintiff. After the lapse of over three months, a writ issued under said judgment whereby the Sheriff was commanded to eject defendant from the land and to place plaintiff in possession thereof. A few days after issuance of the writ, defendant appealed devolutively to this court. Here, she has filed an exception, the gravamen of which we quote, to wit: "That plaintiff's petition and proof submitted therewith as shown by the record herein disclose neither a cause nor a right of action in that title to the property involved herein is not adequately proved to sustain a petitory action."
This exception, as appears on its face, is directed not only against the efficacy of the petition to disclose a right of action, but also against the adequacy of the proof submitted to sustain the action.
The petition's allegations meet the indispensable requirements for a petitory action. It is affirmatively declared therein that plaintiff owns the land; that it acquired the same from A. J. Hodges, et al., on December 31, 1945, by deed recorded in Conveyance Record Book No. 91, page 504 of the official records of Sabine Parish; that defendant is in the physical possession of seventy (70) acres of the tract as a trespasser. Evidently, these allegations of fact are well founded since defendant did not controvert them by answer, nor does she in this court deny them.
There was no note of evidence made when the default was confirmed. We infer that appellant pins her hope for reversal of the judgment upon the fact that there is not in the record any documentary or other evidence, if such were introduced.
The minute entry of the proceedings had when the judgment was rendered and signed, reads as follows: "Case taken up and tried on confirmation of default. Evidence adduced and closed and judgment rendered in favor of plaintiff as prayed for, see decree, which was read, signed and filed."
The preamble of the judgment reads as follows: "In this case the preliminary default herein entered not having been set aside the case was taken up on confirmation of default and the law and the evidence being in favor thereof:"
Plaintiff in a petitory action must make out his title. Code of Practice, Article No. 44. This sort of proof is required in all cases. Code of Practice, Article No. 312.
Preliminary default is a tacit joinder of issue and is equivalent to general denial or answer denying specifically each material allegation. Russo v. Aucoin et al., La. App.,7 So.2d 744-750.
It goes without saying that the trial judge was cognizant of these fundamental principles and observed them as a condition precedent to rendition of the judgment. *Page 93 
While the judgment does not state that plaintiff made "due and full proof" of its demand, the equivalent, "the law and evidence being in favor" of the decree that followed is incorporated therein.
The recitals of a judgment rendered in the confirmation of a default are presumed to be correct and to have had as their basis legal and sufficient evidence before the court. See: Southern Athletic Club v. Foster et al., 1 La. App. 310; Goldman v. Thomson, 3 La. App. 469; Donaldson v. Sheridan 11 La. App. 498, 124 So. 193; State v. Nicol, et al., 30 La. Ann. 628; Succession of Moore, 42 La. Ann. 332, 7 So. 561; Durke and Broussard v. Crane, 112 La. 156, 36 So. 306; Henry Rose Mercantile Mfg. Company, Ltd., v. Stearns, et al.,155 La. 696-698, 99 So. 533.
In Succession of Moore, supra, the court expressly held as appears from paragraph two of the syllabi, as follows [42 La. Ann. 332, 7 So. 561]: "Parties are neither required to have their evidence reduced to writing, nor to see to it that a note is made of the evidence which is introduced."
When judgment has been rendered in a case, whether issue is joined by answer or default, and no note of the evidence was made at time of trial, the case being appealable, the party aggrieved and who desires to appeal is not entirely at the mercy of his adversary on that account. Articles 602 and 603 of the Code of Practice clearly point the way to be pursued in such a case, in order to present to the appellate court the evidence upon which the trial judge acted. Article 602 directs that the parties to the suit prepare and sign a statement of proven fact for use in appeal, and, if they cannot agree, the party desiring the appeal may resort to Article 603, which directs that upon application of such person the trial judge shall prepare such a statement and when this is done it will be considered by the appellate court in disposing of the case.
Again, in the Succession of Moore, supra, on the discussed subject, the court said:
"The record furnishes no solution of the question. It contains no bill of exceptions, and no note of evidence offered on the trial. The original record appears annexed to the transcript of appeal. * * *
"The whole case is before us, and we must take cognizance of the record as we find it, and decide the issues presented. We must assume that the judge a quo had before him sufficient evidence to justify his undertaking to decide them, and intelligently, to do so.
"This rule was approved by us, in Nugent v. Stark, 34 La. Ann. 628, and by our predecessors in numerous cases."
Whether or not the proof adduced by the plaintiff herein was sufficient in legal effect to sustain the action instituted by it, we are not in a position to say. The trial judge held that it was sufficient. There is nothing before us to warrant disagreement with him in this regard. A presumption, as announced by a long line of decisions, supports the correctness of his action. Appellant has had her day in court. If she has lost any right herein it is due to her own laches for which she alone is to blame.
In brief, appellant's counsel cites and relies upon Whalen v. Davis, 200 La. 1066, 9 So.2d 424, wherein it was held that adverse possession is a necessary part of plaintiff's case in a petitory action even though judgment be rendered on default. There can be no issue as to the soundness of this statement, but in the present case there is no evidence to dispute the correctness of the allegation of adverse possession by defendant; but, on the contrary, the presumption is that there was before the court a quo evidence to support the allegation on this phase of the case.
For the reasons herein assigned, the judgment from which appealed, is affirmed with costs. *Page 94