McBRIDE, Judge.
This case and that of Schexnayder v. Brady, 54 So.2d 642, were consolidated for trial in the lower court, and were agrued together before us.
Brady and his wife, claiming to be the owners of certain land located in the Parish of St. James, sought an injunction against Schexnayder to prevent him from interfering with their use of a right of way which it is claimed attaches to their property. After a trial of the consolidated cases on the merits, the lower court issued a permanent injunction against the defendant restraining him from interfering with plaintiffs’ right of way to a point twenty feet beyond the southwest corner *641 of their property. Plaintiffs, believing that the injunction should have been effective for the full depth of their property, perfected a devolutive appeal from the judgment.
In the other suit, Schexnayder and his wife sought to enjoin the Bradys from damaging their property by trespassing thereon and tearing down fences. The court below issued a permanent injunction as prayed for. Brady and his wife also appealed devolutively from this judgment.
Both cases, as we said, were agrued before us together, and during the course of argument it developed that the transcripts of appeal are in such shape as to compel us to dismiss both appeals.
In each of the records the clerk of the lower court certified “that the above and foregoing is a true and correct copy of the minute entries made in the matter * * This certification hardly conforms to the requirements of C.P. art. 896, which provides that the clerk shall certify that the record contains all of the testimony adduced. If the records were complete, and the clerk merely executed insufficient certificates, perhaps we would, under LSA-R.S. 13:4433, allow the appellants time to cure and correct such informality or irregularity. However, the fault which we find with the records is more serious than the mere insufficient or incorrect certification by the clerk.
Both parties, during argument before us, conceded that several witnesses appeared and testified before the trial judge, and that their testimony was not reduced to writing.
As in both cases the correctness of the judgment hinges on questions of fact, we are unable to pass upon the merits of the controversies in the absence of a transcription of the testimony, or a statement of facts perfected in accordance with law. In Brady v. Schexnayder, the matter would hinge upon whether defendant interfered with the free and unimpaired use of plaintiffs’ right of way. In Schexnayder v. Brady, 54 So.2d 642 the pivotal point would be whether the Bradys trespassed upon the property of the Schexnayders and removed their fences.
The law is well settled that where, on appeal, the record contains no transcription of the testimony, or a statement of facts agreed to by the parties or made by the court at the request of either party (C.P. arts. 601, 602, 603), and the correctness of the judgment depends upon the verbal testimony, an appellate court will dismiss the appeal. The presumption is that the trial judge acted upon proper and sufficient evidence. See the many cases cited in Dart’s New Louisiana Digest, vol. 2, “Appeal,” § 430.
Appellants contend that in the ¡Schex-nayder case a question of law is involved. Counsel for the Bradys accepted service, with reservation of rights, on the rule issued therein to show cause why the injunction should not issue, and this, appellants say, did not amount to a waiver of citation, and, therefore, the injunction in the Schexnayder case is null, void, and of no effect.
A minute entry, certified to by the clerk, in the 'Brady record, sets forth the following : “Having been previously fixed for this morning, these matters came up for trial and on joint motion of counsel for plaintiffs and defendants in these respective matters, these two cases were ordered consolidated for trial. The injunctions filed herein were taken up, tried, evidence adduced, testimony taken and were taken under advicement by the court.”
Such joinder of counsel for appellants in the motion for a consolidation, together with their participation in the trial of the cases, we think, had the effect of waiving any question of citation.
Appellants also urge us to remand the matters for the completion olf the records, but since to< remand the cases would be equivalent to forcing the trial court to hear them again, to the prejudice of appellees’ rights, the request is refused.
For the above and foregoing reasons, the appeal herein is dismissed, at the cost of appellants.
Appeal dismissed.