HAMITER, Justice.
The present consideration of this cause, which is a suit to annul two tax sales of certain real estate situated in the Parish .of Lafourche, concerns a motion to dismiss the appeal that was taken by an intervenor and another (not originally a party to the proceeding) from a judgment recognizing the defendants (plaintiffs in reconvention) as the owners of the property under a prescriptive title.
The motion to dismiss, filed by defendants and appellees, contains and is grounded on the allegation: “That the record on appeal is incomplete in that there is no statement of facts (as required by Code of Practice Article 602), no exception or assignment of errors to the Judge’s opinion (Code of Practice Article 897), no state *990 ment of facts by the court (Code of Practice Article 603), and no transcript of testimony, as the testimony was not taken down in writing on the trial hereof (Code of Practice Article 601), nor is there a showing that request was made therefor.”
Appellants do not deny that the motion would be meritorious in the absence of a certain statute which they invoke. To quote from the brief of their counsel they take the following position: “It is conceded that the transcript does not contain a copy of the testimony (the testimony was not taken down by a court stenographer) nor does it contain a statement of the testimony agreed to between counsel for appellant and appellees, nor does it contain a statement of the testimony made by the Court.
“It is also conceded that within ten days of the lodging of the transcript in this Court that no exceptions or assignment of errors were filed. However, the various articles of the Code of Practice which require these things to be done are now subject to the provisions of Act 234 of the General Assembly of the State of Louisiana for the year 1932 which has become Louisiana Revised Statute 13:4433
The statute relied on, LSA-R.S. 13 :4433, reads: “Whenever an appellant files an incomplete transcript, or files the transcript or a further application for an extension, within three judicial days after the return day, or omits to file as part of the record any transcript exhibits offered in evidence, or whenever because of any error on the part of the clerk of court or of the trial judge, or for any purely technical reason, a motion to dismiss his appeal is filed either by an appellee, third person or intervener, charging and setting forth as grounds for dismissal any of the above reasons, no appellate court shall maintain said motion to dismiss, or dismiss the appeal, unless it first allow to the appellant at least two additional days, exclusive of Sundays and holidays, to cure and correct any and all the informalities and irregularities alleged and complained of in the motion to dismiss. Such appellant, before the date on which the motion to dismiss is fixed for trial, may cure and correct any objection, irregularity or informality, charged or alleged to exist in the motion to dismiss, and if it appears to the appellate court that he has done, so the motion to dismiss shall be denied.”
In urging that such statutory provisions are controlling, appellants cite and rely on Nunez v. Serpas, 198 La. 415, 3 So.2d 673. Therein, unlike the present situation and rendering such decision inapplicable here, the testimony had been taken down or recorded although not transcribed. The court held that this resulted in merely an incomplete record and, in view of the 1932 statute, the appellants were entitled to time in which to have the testimony transcribed and the record completed.
However, in the later case of Mistich v. Holman, 205 La. 171, 17 So.2d 23, obvious *992 ly decisive here 'and which all counsel have overlooked, we passed on an issue sübstantically identical with that presently before us. Therein, an appellant, finding himself in the same position as the appellants here, sought to have the trial judge make a statement of the facts according to his recollection of them. The judge refused to enter such a statement on the ground that he was without authority to make it after having signed the order of appeal. Subsequent to the transcript’s filing in this court the appellant moved to dismiss the appeal. In sustaining the motion we said: “ * * * It appears that' the testimony presented in the lower court was not taken down in writing, and that the transcript of the appeal contains no note of evidence, ho statement of facts, no assignment of errors and no bills of exception. * * *
* * * * * *
“It is well settled that after an order of appeal has been granted and the appeal bond signed, the appeal is perfected, and the trial court is divested of jurisdiction, except the right to test, the sufficiency of the appeal bond as of the date when filed. * * *
“Act No. 234 of 1932 is not applicable to this case for the reason that an incomplete record of the transcript of the trial court is not involved. All of the record of the trial court is embodied in the transcript-.
“For the reasons assigned, the appeal is dismissed at appellant’s cost.”
Following the filing of the instant motion to dismiss, appellants tendered here what is termed an “Exception of no cause of action and assignment of errors”, and their counsel argue that the exception of no cause of action prevents a dismissal of the appeal. The document, in effect, is nothing more than an assignment of errors; and, as shown above, it was not filed within the time required by Code of Practice Article 897. Hence, no consideration can be given it.
For the reasons assigned the appeal is dismissed.