111 So.2d 146 (1959)
Basil MILLER, Plaintiff-Appellee,
v.
Stuart D. ROLLINS, Defendant-Appellant.
No. 8967.
Court of Appeal of Louisiana, Second Circuit.
April 3, 1959.
Rehearing Denied May 4, 1959.
*147 Love & Rigby, Shreveport, for appellant.
Joseph R. Bethard, Shreveport, for appellee.
Before GLADNEY, AYRES and JAMES E. BOLIN, JJ.
GLADNEY, Judge.
Stuart D. Rollins appeals from a judgment rendered against him on confirmation of default. The record does not contain a transcript of testimony, a statement of facts prepared by the parties as required by Code of Practice Article 602, nor does it contain a finding of fact by the court, as provided for in Code of Practice Article 603. The certificate of the Clerk reflects the record contains "all pleadings, documents and exhibits filed and proceedings had * * *." From statements contained in appellee's brief, not refuted by appellant, the testimony upon confirmation of default was not recorded.
Appellant has filed in this court a motion to remand, to which he has attached affidavits executed by Mrs. Love Rollins, Mrs. Jean McFadden and appellant. Appellee has moved to dismiss the appeal, pointing out the absence of any evidence upon which this court could determine an issue relating to the merits of the case.
*148 The judgment rendered against Stuart D. Rollins was for damages sustained by plaintiff's automobile, allegedly inflicted while being operated by the defendant without plaintiff's consent. As initially filed, the petition named as defendant Mrs. Love Rollins, the mother of appellant, and it alleged Stuart D. Rollins was a minor residing with his mother at the time when plaintiff's automobile was damaged. After service was had upon Mrs. Rollins her attorney filed an exception in her behalf, asserting as the reason therefor that her son was a major emancipated by marriage prior to the alleged accident to plaintiff's car and she no longer was responsible for his torts. Thereupon plaintiff filed a supplemental petition in which he directed his attack against Stuart D. Rollins. This supplemental petition was served upon the defendant through domiciliary service upon Mrs. Love Rollins, the return reciting appellant was residing in the house with his mother at the time of such service, which was made on November 23, 1956. No further action was had in the cause save an entry of default and its confirmatory judgment signed on October 28, 1958, almost two years after the domiciliary service on appellant.
Counsel for appellant earnestly contends this court should order a remand of the case for the purpose of considering issues pertaining to the merits as reflected in the several affidavits attached to his motion. Our attention is likewise directed to Bell v. Holdcraft, La.App.1940, 196 So. 379, a decision by this court, and City of New Orleans v. LeBourgeois, 50 La. Ann. 591, 23 So. 542, which latter opinion is quoted to the effect:
"Our courts have not hesitated to afford relief against judgments irrespective of any issue of inattention or neglect, when the circumstances under which the judgment is rendered show the deprivation of the legal rights of the litigant who seeks relief, and when the enforcement of the judgment would be unconscientious and inequitable."
The affidavits, it must be conceded, are simply ex parte statements de hors the record. As a rule such evidence must be disregarded by the court. A deviation from this rule will be resorted to when such statements or depositions strongly indicate the litigant seeking relief may suffer a deprivation of his legal rights or the judgment under review is inequitable. After a careful examination of the affidavits tendered we find we are not impressed by the contentions of appellant. Mrs. Rollins states she informed her son of the action brought against him and she further deposed that after her initial visit to her attorney which occurred prior to the time appellant was made a party defendant, she did not thereafter communicate with her attorney. It is, therefore, logical to infer appellant has simply neglected to timely assert his legal rights.
Faced with such circumstances we are inclined to the view that should we grant appellant's motion to remand and require a new trial, the rights of the appellee would be thereby impaired. Thus, in the case of Brady v. Schexnayder, 1951, 54 So.2d 640, our brothers on the Orleans Court of Appeal refused to grant a motion to remand and dismissed appellant's appeal, where the facts were similar to those herein, stating that such a remand would be equivalent to forcing the trial court to hear the case over again to the prejudice of the appellee's rights.
The only relief obtainable to a defendant who appeals from a judgment rendered against him on confirmation of default, is to show that the judgment is either invalid or that he has suffered an injustice which deserves correction. The judgment rendered herein declares it was rendered "* * * by reason of the law and the evidence being in favor of the plaintiff * * *." The general rule repeatedly recognized by our courts is that the recitals of the judgment rendered upon confirmation of a default are presumed *149 to be correct and to have had as their basis legal and sufficient evidence. A. J. Hodges Industries, Inc. v. Fobbs, La.App. 1949, 39 So.2d 91, 93, and authorities therein enumerated.
For the purpose of preventing our appellate courts from dismissing appeals upon technicalities, the Louisiana Legislature enacted Act 234 of 1932, which is presently incorporated in the Revised Statutes of this state, LSA-R.S. 13:4433. This statute provides that where the record is incomplete by reason of its failure to include parts of the evidence, or whenever there has been an error on the part of a clerk of court, or a trial judge, a motion to dismiss the appeal will not be sustained until the appellant has had an opportunity in which to have the testimony transcribed, if it was in fact taken, or the record completed. Nunez v. Serpas, 1941, 198 La. 415, 3 So.2d 673, 674. The instant case does not come under the provisions of LSA-R.S. 13:4433 for the record cannot be considered incomplete. Although the record does not contain testimony adduced upon the trial, such testimony was not taken and cannot be made available for the purpose of supplementing the record. The record, therefore, as presented for review is complete in that all of the proceedings and recorded evidence placed before the trial court are embodied in the transcript.
Where the record contains no transcript of testimony or statement of facts agreed to by the parties, or made by the court when requested by the parties, and the correctness of the judgment depends upon testimony which was not recorded, the appeal will be dismissed upon proper motion. American Adjustment Co., Inc. v. Batiste, La.App.1955, 79 So.2d 337; Succession of Jules La Pene v. Lagraize, 1955, 227 La. 987, 81 So.2d 369, 370.
For the reasons assigned, the appeal is dismissed.
HARDY, J., absent.