LOTTINGER, Judge.
This is a tort action wherein the plaintiffs have appealed seeking an increase in the quantum awarded one of them in the Court below. A motion to dismiss the appeal has been filed by defendants, the basis of which is there has been no transcript of testimony prepared in accordance with C.P. Art. 601 nor has any statement of facts been prepared either in accordance with C.P. Art. 602 or C.P. Art. 603.
By way of answer to the motion to dismiss the plaintiffs contend that the record upon which their appeal is based consists of the following:
A. Petition and answer.
B. Interrogatories propounded to defendant and his answers.
C. Deposition of plaintiff Edna Bobbys Martin taken by defendants on May 5, 1959.
D. Reports of Doctors William M. Moody and James F. Halley filed in evidence on the trial of the case.
E. Judgment of the District Court.
While we find in the record the interrogatories propounded to one of the defendants, we do not find therein the answers thereto. We do find the deposition of the plaintiff taken by defendants, but there is nothing to show that it was ever offered or received in evidence. It appears to have been merely mailed by the reporter to the clerk for filing in the record, which, of course, does not constitute it a transcript of testimony. Defendant states in their brief-that there were some six witnesses that testified both as to the facts surrounding the alleged incident, as well as to the nature and extent of the alleged injuries. There is no transcript of this testimony in the record because the testimony was not taken down. Clearly, as contended by the defendants, therefore, there is neither a transcript of testimony nor a statement of facts.
Counsel for plaintiffs, however, argue alternatively that if the record is insufficient we should remand the matter, citing as authority for this proposition the cases of Wilson Gold Stamping Machine Co. v. Webb Hardware & Furniture Co., Ltd., La.App., 45 So.2d 639 and Nunez v. Serpas, 198 La. 415, 3 So.2d 673.
Neither of the cited cases is applicable to the case at bar for the reasons pointed out by us in American Adjustment Co. v. Batiste, 79 So.2d 337, 342. We think the situation here is exactly the same as it was in the latter case where we went on to hold as follows :
“The record contains no transcript of the testimony or a statement of, facts agreed to by the parties or made by the court at the request of either party, C.P. Arts. 601, 602, 603, and the correctness of the judgment depends upon the verbal testimony. This court could not decide this case without- remanding it and having the case retried. It appears to be a case which falls in the same category as Brady v. Schexnayder, 54 So.2d 650 [640] in which the Orleans Court of Appeal dismissed the appeal because the transcript of appeal was in such shape that it was impossible to pass upon the merits of the controversy as the testimony of witnesses who testified before the trial judge was not reduced to writing and the record therefore contained no transcript of the testimony nor did it contain a statement of facts agreed to by the parties or made by the Court at the request of either party, and the correctness of the judgment depended upon such verbal testimony. The appellants urged that the case be remanded for the completion of the record and the Court answered this argument by stating: ‘But since to remand the case would be equivalent t;o forcing the Trial Court to hear it again, to the prejudice of the appellees’ rights, the request is *329 refused.’ The Court accordingly dismissed the appeal.
“We are faced with exactly the same situation and the appeal in this case is hereby dismissed.”
For the reasons assigned the appeal is hereby dismissed.