HARDY, Judge.
This action was brought by plaintiff, in Jackson Parish, for the recovery of judgment on an unpaid check allegedly given in payment for an automobile, which vehicle was seized under a writ of sequestration. Defendant filed a plea which embodied an exception to the jurisdiction of the court, ratione personae; a motion to dismiss the writ of sequestration and a claim for attorney’s fees and damages allegedly resulting therefrom. In obvious acceptance of the validity of defendant’s plea to the jurisdiction plaintiff voluntarily dismissed his action as of nonsuit. After trial on the issue of defendant’s claim for damages there was judgment awarding defendant the sum of $400, together with the additional sum of $100 as attorney’s fees, from which plaintiff prosecutes this appeal.
The evidence on trial was not transcribed and counsel for the parties litigant executed a stipulation of facts drawn in accordance with Code of Practice Article 602. This stipulation was filed under date of July 11, 1960. The record before us establishes the fact that the motion by plaintiff for orders of devolutive and sus-pensive appeal was granted on June 14, 1960, and the appeal was perfected by the filing of the requisite bond on June 24, 1960. Before this Court counsel for defendant-appellee urges that the stipulation cannot be considered inasmuch as it was filed after the taking of the appeal and the perfection thereof by the filing of bond. The recognized rule is well established to the effect that a statement of facts contemplated under Code of Practice Articles 602 and 603 must, without the consent of the parties, be made and filed before the appeal is granted; Williams v. Credit Service Corporation, La.App., 113 So.2d 319 (writs denied), and numerous authorities cited therein.
In this case the stipulation does not bear a date, but the record discloses that it was transmitted to the Clerk of Court of Jackson Parish by counsel for defendant-appellee on July 8, 1960. We can only construe this action of counsel as evidencing acquiescence and consent to the untimely filing of the stipulation, since such *788 action occurred well subsequent to the perfection of the appeal.
Unfortunately, however, we do not find that the stipulation supplies a satisfactory basis upon which to predicate a judgment. Specifically, with reference to the issue of damages and attorney’s fees which constitutes the only question before us, the stipulation recites:
“On the trial of this matter to establish the damages to defendant, the evidence adduced was the testimony of the defendant, Mandy Sowers, who testified that when the Writ was executed, the Sheriff of Winn Parish physically took possession of the automobile described in plaintiff’s petition and stored same. That she engaged the services of W. T. Holloway, Attorney at Law, Jonesboro, Louisiana, to defend the suit brought against her for the sum of $100.00, which fee was to include trial of the Motion to Dismiss, as well as the trial of the suit on the merits.”
The above provision does not indicate that it constituted all of the testimony of defendant, and we are unwilling to base a judgment upon one of two possible inferences, namely, that defendant’s recovery should be limited to a nominal allowance based upon the mere loss of possession and úse of the seized vehicle for a period of some thirteen days, or that there was additional testimony justifying the allowance of substantial damages. For this reason we think it necessary to exercise the discretion vested in appellate courts under the provisions of Code of Practice Article 906.
Accordingly, it is ordered, adjudged and decreed that this case be and it is hereby remanded to the Honorable the Second District Court in and for the Parish of Jackson, State of Louisiana, there to be re-opened for the purpose of receiving competent evidence on the issue of damages suffered by the unlawful issuance of the writ of sequestration and the pronouncement of judgment in accordance therewith.
Costs of this appeal are apportioned and taxed equally against the respective parties and it is ordered that the taxing of all other costs shall be fixed by judgment hereafter pronounced in accordance with this order of remand.