146 So.2d 65 (1962)
Alfred GAUTHIER
v.
Joe WILLIAMS.
No. 5770.
Court of Appeal of Louisiana, First Circuit.
September 25, 1962.
Rehearing Denied November 9, 1962.
Harris M. English, Baton Rouge, for appellant.
Arnold J. Gibbs, Baton Rouge, for appellee.
Before ELLIS, LOTTINGER, HERGET, LANDRY and REID, JJ.
LANDRY, Judge.
Plaintiff-appellee, Alfred Gauthier, instituted this action against defendant-appellant, *66 Joe Williams, seeking recompense of damages to plaintiff's 1949 Chevrolet automobile sustained in an intersectional collision between plaintiff's said vehicle and defendant's 1953 Model Ford Sedan. From the judgment of the trial court in favor of plaintiff, defendant has taken this appeal.
On motion of appellee a rule was issued herein directing appellant to show cause why this appeal should not be dismissed and appellee awarded damages for a frivolous appeal.
Dismissal of the instant appeal is sought for the following reasons set forth in appellee's motion and rule to show cause: "the record on appeal is incomplete in that there is no transcript of testimony, as the testimony was not taken down in writing on the trial thereof, nor is there any showing that request was made therefor; that there is no statement of facts (as required by Code of Practice (sic) Article 2131), nor was any request made for stipulation as to same; and there is no statement of facts by the Court (Code of Practice (sic) Article 2131)."
Pertinent to the issue thus presented for determination are Articles 2130 and 2131 of the new LSA-Code of Civil Procedure (effective January 1, 1961) which said Articles read as follows:
"Art. 2130. Record on appeal; statement of facts
"A party may require the clerk to cause the testimony to be taken down in writing and this transcript shall serve as the statement of facts of the case. The parties may agree to a narrative of the facts in accordance with the provisions of Article 2131."
"Art. 2131. Same; narrative of facts
"If the testimony of the witnesses has not been taken down in writing the appellant must request the other parties to join with him in a written and signed narrative of the facts, and in cases of disagreement as to this narrative or of refusal to join in it, at any time prior to the lodging of the record in the appellate court, the judge shall make a written narrative of the facts, which shall be conclusive."
We note also the following reporter's comments to the foregoing Articles, namely:
"Comment to Arts. 2130 and 2131
"Arts. 2130 and 2131, herein, are a consolidation of the systems set up by Arts. 601-603 of the 1870 Code of Practice, with the distinction, under the articles of this Code, that the trial court judge may make a narrative of the facts at any time prior to the lodging of the record in the appellate court. Under the 1870 Code the judge lost jurisdiction to settle the narrative of facts as soon as the appeal was perfected. Davis v. Ungerman, 150 So. 401 (La.App.1933). Cf. Comment (c), Art. 2125, supra."
Prior to the adoption of the presently effective Code of Civil Procedure, the jurisprudence of this state was firmly established to the effect that a joint statement of facts, as contemplated by Articles 602 and 603 of the former Code of Practice, could be filed after the granting of an appeal only upon the consent of the parties. Williams v. Credit Service Corporation, La.App., 113 So.2d 319, and cases therein cited; Mistich v. Holman, 205 La. 171, 17 So.2d 23; Succession of La Pene v. Lagraize, 227 La. 987, 81 So.2d 369.
Exceptions to the foregoing rule were recognized only in those instances wherein the order granting the appeal reserved appellant's right to require appellee to draw such a statement jointly with the appellant or to have the trial judge furnish a statement if the parties failed to agree upon a statement of facts, Mistich v. Holman, supra, or where appellee by his actions acquiesced or consented to an untimely filing of a statement of facts (Wilson v. Sowers, La.App., 124 So.2d 786).
The rule requiring the dismissal of appeals where the narrative of facts was not *67 timely filed was recently affirmed by this court in Martin v. Allessi, La.App., 121 So. 2d 327. See also Frederick v. Popich Marine Construction, Inc., La.App., 136 So.2d 423, wherein the prior jurisprudence was cited with approval by this court although dismissal of the appeal was not therein requested.
The rationale of the rule established by the former Code of Practice and the jurisprudence interpretive thereof, was that, after the order of appeal was granted and the appeal bond signed, the trial court was divested of jurisdiction except for the limited purpose of testing the sufficiency of the bond. Mistich v. Holman, 205 La. 171, 17 So.2d 23.
It appears that Article 2088 of the new LSA-Code of Civil Procedure has extended, to some degree, the jurisdiction of the trial court over a case following the granting of an appeal. Said Article reads in full as follows:
"Art. 2088. Divesting of jurisdiction of trial court
"The jurisdiction of the trial court over the case shall be divested, and that of the appellate court shall attach, upon the timely filing of the appeal bond in the trial court, or if no bond is required, upon the granting of the order of appeal. Thereafter, the trial court shall have no jurisdiction over the case except: to tax the costs incurred in the trial court; to test the solvency of the surety on the appeal bond as of the date of its filing or subsequently; to consider objections to the form, substance, and sufficiency of the appeal bond, and permit the curing thereof, in accordance with Article 5124; and as provided by Articles 2125, 2131, and 2132."
It will be noted that Article 2088 provides that upon the filing of the appeal bond or the granting of the order of appeal when no bond is required, the trial court still retains jurisdiction for the purpose of fulfilling the provisions of Article 2131 of the LSA-Code of Procedure which latter article states that the narrative of facts therein provided for may be filed "at any time prior to the lodging of the record in the appellate court".
With the exception of the change relating to the time in which the narrative of facts must be filed, the law remains virtually unchanged.
Appellant urges that under Articles 2127, 2132 and 2161 of the LSA-Code of Civil Procedure failure of the clerk of the trial court to prepare and lodge the record of appeal either timely or correctly shall not prejudice the appeal when all required fees have been timely paid by appellant. Unquestionably, as a general rule, the foregoing statement of law is correct. See Wischer v. Madison Realty Company, 242 La. 334, 136 So.2d 62, and Jackson and Allen v. Dupont, Incorporated, La.App., 140 So. 2d 463. The obvious purpose of the aforesaid general rule is to assure that an appellant will not be penalized for delays or noncompliance over which he has no control. It has been held, however, in the latter cited cases that this does not mean that an appellant is permitted to unilaterally extend the return date of an appeal by failing to comply with obligations expressly imposed upon him by Codal Articles, statutory law or rules of the appellate courts.
It will be noted that Article 2131 of the LSA-Code of Civil Procedure places the duty to obtain a written narrative of facts squarely upon the appellant and not upon the clerk of the trial court. Moreover, the duty of the trial judge to prepare a narrative does not arise until appellant has first requested appellee to join in a narrative of facts and it appears that appellee has either refused to join therein or disagrees with appellant's version thereof. It is obvious, therefore, that the failure to provide a narrative of facts in the instant case is clearly imputable to appellant.
In further support of his position appellant cites Articles 2132 and 2161 of *68 the LSA-Code of Civil Procedure. Article 2132 applies solely to the correction of errors and omission. In the case at bar the entire record as made up in the trial court has been lodged in this court. The failure of the record to contain either a transcript of evidence or narrative of facts is due solely to the failure of the parties to cause the testimony to be taken down in writing or to agree to a narrative of facts as provided for in Article 2130 of the LSA-Code of Civil Procedure. Manifestly, the clerk of the trial court cannot furnish what does not exist and what is not within his power to complete or obtain.
Article 2161 provides that no appeal shall be dismissed because of a defect unless the defect is imputable to the appellant. We have demonstrated that the defect in the record of the case presently before the court is in fact imputable solely to appellant herein.
Finally, defendant-appellant suggests the case be remanded in order to permit an opportunity to obtain the required narrative of facts. We note one case decided by our brothers of the Court of Appeal, Fourth Circuit, namely, Hero v. City of New Orleans, La.App., 129 So.2d 282, wherein the procedure suggested by appellant was followed. The holding in that case, however, appears contrary to the holding of this court in Martin v. Allessi, La.App., 121 So.2d 327, wherein we refused to remand. Moreover, the Hero case, supra, appears to depart somewhat from the jurisprudence established by the cases herein previously cited.
Plaintiff-appellee seeks damages for a frivolous appeal. The alleged frivolity of an appeal is a question which the Court can determine only upon considering the facts and circumstances of the case and the questions of law involved as revealed by the briefs and arguments of counsel and the reasons for judgment handed down by the trial court, if any.
The dismissal of an appeal for failure to comply with procedural requirements does not of itself render the appeal frivolous. The court cannot both dismiss the appeal and review the record to determine whether the appeal was frivolous especially when the record as lodged in the appellate court contains no transcript of evidence or narrative of facts.
For the foregoing reasons, it is ordered, adjudged and decreed that the rule to show cause issued herein on the 30th day of May, 1962, be made absolute insofar as appellee's motion to dismiss this appeal is concerned and the instant appeal accordingly dismissed and said rule in all other respects hereby recalled, rescinded and set aside.
Appeal dismissed at appellant's costs.