149 So.2d 678 (1963)
Jules FRANCOIS, (Sr.)
v.
Mrs. Beulah CLOUD, Femme Sole.
No. 912.
Court of Appeal of Louisiana, Fourth Circuit.
February 4, 1963.
T. M. McBride, III, Arabi, and Stephen Perez, New Orleans, for defendant-appellant.
*679 Revius O. Ortique, Jr., New Orleans, for plaintiff-appellee.
Before McBRIDE, CHASEZ and HALL, JJ.
HALL, Judge.
This is an appeal by defendant from a judgment rendered against her by default.
On December 26, 1961 plaintiff filed suit in which he alleged ownership in himself of certain real property situated in St. Bernard Parish and alleged that defendant was wrongfully in possession thereof. He set forth in his petition the various links in his chain of title, and in the alternative pleaded the prescription of thirty years acquirandi causa, and prayed for a judgment in his favor decreeing him to be the owner of the property and ordering defendant to surrender possession thereof to him.
Defendant was served personally on January 17, 1962 but failed to answer or otherwise plead and on February 19, 1962 a preliminary default was entered against her. On February 26, 1962 plaintiff confirmed the default and the Court rendered judgment decreeing plaintiff to be the true and lawful owner of the property and ordering defendant to deliver possession thereof to the plaintiff.
Defendant contends that the trial court's judgment was rendered on insufficient and incompetent evidence and prays that the judgment appealed from be annulled and plaintiff's suit be dismissed, and in the alternative that this matter be dismissed as of non suit or remanded for trial.
The record before us contains no documentary evidence and no transcript of the testimony and no note of evidence. Apparently no stenographic record and no note of evidence was made at the trial for the clerk's certificate shows that the record filed in this Court is the original record and includes "all the pleadings, evidence and documents in said cause".
It is too well settled to require the citation of any authorities that the burden is on the party alleging error to show it affirmatively on the face of the record. It is also well settled that in the absence from the record of a note of evidence or statement of facts the recitation in a judgment that the plaintiff made due proof of his demand imparts to the judgment a presumption of its correctness and of the sufficiency of evidence upon which it was based (Nugent v. Stark, 34 La.Ann. 628; A. J. Hodges Industries v. Fobbs, La.App., 39 So.2d 91). It is also well settled that parties are not required to have their evidence reduced to writing or to see to it that a note is made of the evidence which is introduced, and when a judgment has been rendered and no note of evidence has been made at the time of the trial it is incumbent on the party desiring to appeal to secure a narrative of facts in accordance with LSA-C.C. P. Arts. 2130, 2131 (C.P. Arts. 601-603). See Succession of Moore, 42 La.Ann. 332, 7 So. 561; A. J. Hodges Industries v. Fobbs, supra; Frederick v. Popich Marine Construction, Inc., La.App., 136 So.2d 423.
However defendant contends: that a judgment by default must be confirmed by proof of the demand sufficient to establish a prima facie case (LSA-C.C.P. Art. 1702; Dreher v. Guaranty Bond & Finance Co., 184 La. 197, 165 So. 711); that in a petitory action plaintiff must make out his case on the strength of his own title and not on the weakness of defendant's title (Smith v. Chappell, 177 La. 311, 148 So. 242); that he must introduce documentary proof of each link in his chain of title; and, finally, that title to real estate cannot be established by parole evidence (Saenger Amusement Co., Inc. v. Masur et al., 158 La. 745, 104 So. 701). We agree with defendant's statement of the law.
The absence from the record of any documentary evidence and the clerk's certificate that the record contains "all the * * * documents in said cause" convinces us that no documentary proof of plaintiff's *680 title was introduced at the trial. Moreover plaintiff's counsel admitted in argument that such was the case.
We note that the minutes of the trial court show that only one witness (plaintiff himself) testified and that "after hearing the testimony of the above witness, the Court rendered the following judgment * * *". We also note that plaintiff pleaded the prescription of thirty years and in the absence of a note of evidence we would presume that this witness proved a prescriptive title to the satisfaction of the trial court were it not for the fact that plaintiff's counsel admitted under questioning by this Court that the witness gave no testimony on this point.
Plaintiff's sole contention before us is that the trial court took judicial cognizance of a judgment of possession rendered by him on January 30, 1961 which judgment constitutes a link in plaintiff's chain of title. But even if this judgment were actually in the record it would be but one link of the title and would avail plaintiff nothing.
Considering the absence from the record of any documentary proof of title and counsel's admission that none was offered at the trial, and in the light of counsel's further admission that no testimony relative to a prescriptive title was heard we are unable to indulge in the presumption that the judgment appealed from was rendered on sufficient and competent proof.
We are aware that in the matter of A. J. Hodges Industries v. Fobbs, supra, the Second Circuit affirmed a default judgment rendered in a petitory action wherein no documentary or other evidence appeared in the record "if such were introduced". However Judge LeBlanc of the First Circuit had this to say in Landreneau v. Perron, La.App., 174 So. 140 at page 143:
"There is no doubt but that in the absence of a note of evidence, the presumption which attached to the correctness of a judgment of the lower court and that it was based on competent and sufficient proof is a fair and reasonable one and should be given much weight on appeal. However, the fact remains that it is only a presumption after all, and when sought to be applied in a case like the present wherein the plaintiff's demand is one which of necessity, under the law, depends on written proof, there should be something more to support such presumption than the mere statement more or less pro forma, of the court in a judgment on confirmation of default that it was rendered `upon due proof in support' of the demand, or `the law and evidence being in favor thereof.'"
For the foregoing reasons the judgment appealed from is annulled and this case is remanded to the District Court for further proceedings according to law, plaintiff-appellee to bear the costs of this appeal, all other costs to await final determination of the cause.
Judgment annulled and case remanded.