HALL, Judge.
Plaintiff filed this suit for benefits under the Louisiana Workmen’s Compensation ■Act. After a full trial on the merits, the District Judge rendered judgment rejecting plaintiff’s demands and dismissing his suit. He assigned no written reasons for judgment. After rendition of the judgment plaintiff engaged other counsel who secured an order for a devolutive appeal. Subsequent to the lodging of the record in this Court, plaintiff’s counsel discovered that the case had been tried without the attendance of a Court Reporter and that no transcript of testimony or narrative of facts appeared in the record. As a consequence of this discovery he withdrew from the case, and plaintiff’s present attorney, who neither tried the case nor secured the order of appeal, was substituted in his place as counsel of record. This attorney filed a Motion to Remand for a trial de novo.
The record contains no transcript of testimony, no narrative of facts, no findings of fact by the judge, nor written reasons for judgment.
*95 When a judgment has been rendered and no note of evidence has been made at the time of the trial it is incumbent on the party desiring to appeal to make up his record by securing a narrative of facts in accordance with LSA-C.C.P. Arts. 2130, 2131 (C.P. Arts. 601-603). See Succession of Moore, 42 La.Ann. 332, 7 So. 561; A. J. Hodges Industries v. Fobbs, La.App., 39 So.2d 91; Frederick Co. v. Popich Marine Construction Inc., La.App., 136 So.2d 423.
In the present case it is conceded that plaintiff’s trial counsel neither: (a) requested the trial judge to give written reasons and findings of fact in accordance with LSA-C.C.P. Art. 1917; (b) requested the clerk to cause +he testimony to be taken down in writing in accordance with LSA-C.C.P. Art. 2130; nor (c) requested defendant to join with him in an effort to write a narrative of the facts in accordance with LSA-C.C.P. Art. 2131, nor was the judge ever requested to do so.
 The judgment of a trial court is presumptively correct. For this reason it is incumbent upon the appellant to point out to us in the record on appeal any errors which he thinks have been committed.
As said by this Court in Dorsey v. Corrugated Asbestos Contractors, Inc., La. App., 147 So.2d 233, 235:
“It is appellant’s duty to point out any error in the judgment of the trial court. In the absence of such showing there is a presumption of law on which this court can rely that the judgment is correct. Perkins v. Buchler, 223 La. 179, 65 So.2d 130; Succession of Bailey, 232 La. 824, 95 So.2d 326; Alice v. Woods [La.App.], 124 So.2d 770; Rex Finance Company v. Morehead, La.App., 124 So.2d 770 [776]; F. A. B. Distributing Company v. Marullo, La.App., 138 So.2d 656.”
On the record before us it is manifestly impossible for appellant to point out any error. Realizing this and realizing that after the record has been filed in the appellate court it is too late to seek to obtain a narrative of the facts (See LSA-C.C.P. Art. 2131), appellant prays that the case be remanded for a trial de novo.
He contends that where the lack of a proper transcript is not due to the fault of the appellant himself but solely to the fault of his trial attorney, the appeal should not be dismissed but the case should be remanded to the lower court to be tried de novo. The short answer to this contention is that obviously no distinction can be made between client and attorney in a matter such as this. The fault of the attorney is imputable to the client, and where a record on appeal is totally devoid of a transcript of evidence or a narrative of facts and this is due entirely to appellant’s fault the case will not be remanded but will be decided on the basis of the record before the Court. See Brady v. Schexnayder, La.App., 54 So.2d 640; Gautier v. Williams, La.App., 146 So.2d 65; Martin v. Allessi, La.App., 121 So.2d 327; American Adjustment Co., Inc. v. Batiste, La. App., 79 So.2d 337; Williamson v. Enterprise Brick Co., Inc., 190 La. 415, 182 So. 556.
Appellant also contends that since this is a workmen’s compensation case the rules may be relaxed and if the ends of justice require it it may be remanded to the lower court for additional proceedings, citing Wade v. Calcasieu Paper Company, 229 La. 702, 86 So.2d 540. The cited case is inapposite. That case was remanded not for the purpose of a trial de novo, as requested here, but for the taking of further testimony on a point in which the Court was interested. While the technical rules of evidence and procedure may be relaxed somewhat in a compensation case, such a case is nevertheless a lawsuit and the rules of practice prescribed by the Code of Civil Procedure and the jurisprudence may nos be disregarded entirely.
*96 We have examined the record as presented to us and find no error on its face. There is a presumption of law that the judgment appealed from is correct.
For the foregoing reasons the Motion to Remand is denied, and the judgment appealed from is affirmed.
Motion to remand denied. Judgment affirmed.