REGAN, Judge.
One aspect of this case is now posed for our consideration as a result of the defendant’s having filed a motion to dismiss the plaintiff’s appeal. The plaintiff, sued the defendant, Charles E. Rigsby, endeavoring to have the court recognize and enforce a judgment obtained in the state of California in the amount of $9,980.00, representing unpaid child support.
The defendant denied the allegations of the plaintiff’s petition and affirmatively asserted that the superior court of the state of California in and for the county of Los Angeles, which rendered the decree herein sued upon, was without jurisdiction to render such a judgment, and that consequently it is not entitled to the full faith and credit of the state of Louisiana. In the alternative, defendant pleaded in defense of the suit the California statute of limitations and Louisiana prescription.
From a judgment in favor of the defendant, the plaintiff has prosecuted this appeal.
The defendant moves to dismiss the plaintiff’s appeal predicated on the fact that he failed to include in the transcript the oral testimony adduced at the trial hereof, and *825 that the absence of such an integral part of the record is imputable to the plaintiff.
In his answer to the defendant’s motion to dismiss, counsel for the plaintiff merely asserts that it was his understanding that no testimony would be included in the transcript on appeal, and that the entire dispute is the result of a simple misunderstanding between counsel.
An examination of the record reveals that the only evidence contained therein consists of the judgment sued upon by the plaintiff, duly authenticated in the conformity with an act of Congress, and other documents in support thereof. To reiterate, the record also contains a judgment in favor of the defendant dismissing the plaintiff’s suit. Thus, on its face the record reveals a conflict between the evidence on the one hand and the judgment on the other, which judgment is entitled to a presumption that it is correctly rendered. An examination of the minute entries in the record further reflects that oral testimony was adduced in the trial court from the defendant tinder cross examination.
When the record on appeal does not contain the testimony of the witnesses, nor .a written narrative of the facts, and the correctness of the trial court judgment depends upon the oral testimony, an appellate court will dismiss the appeal if a timely motion is filed by the appellee. The rationale for this rule is that the judgment of the trial court is presumptively correct, and therefore there is nothing in the record for the appellate court to review.[1]
Several exceptions to this rule, however, have developed. For example, an appeal will not be dismissed when the correctness of the trial court judgment does not depend upon the missing testimony.[2] A motion to dismiss will be denied when the written reasons of the trial court reveal substantially all other material testimony and the record is sufficiently complete to permit appellate consideration of the issues posed for its consideration.[3]
 The cases referred to herein will reveal that an appeal will be dismissed upon proper motion when there is nothing in the record to overcome the presumption that the trial court’s judgment is not in error. In this case, however, the evidence which is contained in the record in effect presents a prima facie case in favor of the plaintiff, therefore, there can be no other conclusion but that the oral evidence referred to in the minute entries of the lower court substantially affected the outcome of the case.
Article 2132 of the Code of Civil Procedure provides that:
“A record on appeal which is incorrect or contains misstatements, irregularities or informalities, or which omits a material part of the trial record, may be corrected even after the record is transmitted to the appellate court, by the parties by stipulation, by the trial court or by the order of the appellate court. All other questions as to the content and form of the record shall be presented to the appellate court.”
In view of the rather unusual posture of this record we are of the opinion that the ends of justice would be most expeditiously served by remanding the case to the trial court for inclusion of the oral evidence ad *826 duced therein either' by transcript or by written narrative.
For the foregoing reasons, the defendant’s motion to dismiss is denied, and the case is remanded to the lower court for inclusion of the oral evidence taken in this proceeding in conformity with the views expressed herein.
Motion denied; case remanded.

. See Clark v. Richardson, La.App., 157 So.2d 325 (1963); La Pene v. Lagraize, 227 La. 987, 81 So.2d 369 (1955) ; Williamson v. Enterprise Brick Co., 190 La. 415, 182 So. 556 (1938); Brady v. Schexnayder, 54 So.2d 640 (1951); Gauthier v. Williams, La.App., 146 So.2d 65 (1962); Holloway v. Willis, La.App., 134 So.2d 79 (1961); Martin v. Allessi, 121 So.2d 327 (1960); Miller v. Rollins, La. App., 111 So.2d 146 (1959); and American Adjustment Co. v. Batiste, La.App., 79 So.2d 337 (1955).

. Hydrotex Industries v. Cartwright, La.App., 45 So.2d 93 (1950).

. Succession of Seals, 243 La. 1056, 150 So.2d 13 (1963).