REDMANN, Judge.
Plaintiff in these consolidated cases moves to dismiss defendants’ appeals on the grounds that appellants did not timely pay the costs of preparing the transcript; that the record was not timely filed in this court; and, as to appellant G. Wray Gill, that his appeal bond was not timely filed.
The orders of appeal originally set February 3, 1969, as the return day. By order of February 3, on motion of a deputy clerk reciting the transcript was not complete because rules to test sureties on appeal bonds were pending, the trial court extended the return day to February 21.
On February 10, on the hearing on the rule to test appellant Gill’s surety, counsel for appellee objected to the extension of the return day to the 21st. Noting that the transcript (up to the judgments appealed from) was ready for filing with this court, appellee requested that an earlier return day be fixed. In spite of objection by appellant Gill’s counsel that the question of the return day was not before the court, after some argument the judge stated “Tell them [appellants] by Monday [February 17] to file it with the Court of Appeal. Tell them not to wait.” Mover argues the return day was thereby changed to February 17.
.Whatever the intent of the judge’s statement quoted above (which may have related to the time for filing a new bond under LSA-C.C.P. art 5124), we conclude it cannot have the effect of changing the return day to an earlier date, since once appellants’ bonds were timely filed the trial court had no jurisdiction with respect to the return day except to “extend” it, LSA-C.C.P. art. 2088.[1]
Mover also argues there was no legal extension of the return day from February 3 to 21 “for sufficient cause” as required by LSA-C.C.P. art. 2125. Since an appeal cannot be dismissed except for defect attributable to appellant, LSA-C.C.P. art. 2161; nor (except after allowing time to remedy) because of any error on the part of the clerk of court or of the trial judge, LSA-R.S. 13:4433; we cannot dismiss this appeal on the theory that the judge improperly granted the extension on the deputy clerk’s motion. *82 See also Succession of Abraham, 136 So.2d 471 (La.App.1962).
The extended return day of February 21 is therefore the base for determining timeliness of record filing and of costs payment.
Thus the filing of the record with this court on February 19 was timely.
The costs of preparing the transcript were apparently paid on February 19, the same day the record was filed here. We need not decide whether, under the circumstance that February 18 was a legal holiday (Mardi Gras), this payment was “not later than three days prior to” the extended return day as provided by LSA-C.C.P. art. 2126. Failure to pay the fees timely need be considered only when the record is itself filed after the return day, when the question becomes whether the delay in filing the record is imputable to appellant’s failure to pay the fees timely; if the record is in fact timely filed such failure is immaterial, Downey v. Bellue, 178 So.2d 778 (La.App.1965); see also Fruehauf Trailer Co. v. Baillio, 252 La. 181, 210 So.2d 312 (1968).
Finally we consider the allegation appellant Gill failed to file his appeal bond timely. Gill’s first appeal bond was filed within 15 days of the refusal of a new trial and was thus timely filed, LSA-C.C.P. art. 2123. While it appears this bond was held unsatisfactory by the trial court in its hearing and judgment of February 10 and 11, it also appears that another bond was filed on February 17, the fourth judicial day after the rendition of that judgment; this filing was timely under LSA-C.C.P. art. 5124. Thus as far as we are able to determine on the showing made by mover, appellant Gill did timely file his original appeal bond and a substitute bond.
Accordingly the motion to dismiss the appeals is denied.
Motion to dismiss denied.

. Prior to the enactment of the 1960 Code of Civil Procedure, after timely filing of the appeal bond the trial court lost all jurisdiction except as to the sufficiency etc. of the bond, Mistich v. Holman, 205 La. 171, 17 So.2d 23 (1944), and specifically had no jurisdiction to extend the return day, State v. Cobb, 134 La. 207, 63 So. 877 (1913); Felder v. Springfield Farmers’ Co-op. Ass’n, 29 So.2d 547 (La. App.1947). The new Code, in art. 2088, after reciting the basic rule of no jurisdiction “over the case”, conferred upon the trial court jurisdiction in specified exceptions including that of art. 2125, which provided the return day might be “extended” by the trial court. As amended in 1964 and 1968, art. 2088 now refers to the trial court’s lack of jurisdiction “over all matters in the case reviewable under the appeal”, but still recites the trial court has no jurisdiction over these matters except, among other things, to “extend” the return day. See also LSA-R.S. 13:4438,