TUCKER, Judge.
Plaintiff insurance company filed suit on December 12, 1967, against the three defendant insurance companies, all domiciled in East Baton Rouge Parish at the time, for monies allegedly due upon Workmen’s Compensation audits for premiums owed over and above advance premium deposits made by defendants, together with legal interest thereon from February 1, 1967, until paid. On August 18, 1971, plaintiff filed a supplemental and amended petition showing *145 the true names of the first two named defendant companies as being “Corporation” instead of “Company”; that the American Mortgage Corporation had been dissolved on October 15, 1968, and that Wilson Abraham had been appointed its liquidator; and that the third defendant was properly entitled “Wilson P. Abraham d/b/a Wilson P. Abraham Construction Corporation” instead of being described as a corporation. Among other allegations the supplemental and amended petition contained a statement that defendants had made a payment of One Thousand Four Hundred Fifty-Eight and 97/100 ($1,458.97) Dollars, leaving a balance due of Four Thousand Seven Hundred Thirty-Seven and 73/100 ($4,757.-73) Dollars, plus legal interest. The sheriff return shows that this supplemental and amended petition was served on defendants on August 24, 1971. Accordingly plaintiff took a preliminary default on September 9, 1971.
On that same day defendants mailed in New Orleans an exception to the venue of the court in East Baton Rouge Parish, alleging that, since all defendants presently are domiciled in Orleans Parish, suit should have been brought against them there. This exception to the venue of the court was received in the Nineteenth Judicial District Court and filed on September 10, 1971.
On September 27, 1971, the preliminary default was confirmed, with the following minute entry being made:
“Default made final on due proof in open court. There is judgment in favor of the plaintiff and against the defendant in the sum of $5,899.56 with legal interest from February 1, 1967, until paid, subject to credits of $1,458.97.
Judgment signed and filed, See decree. It appearing that the exception to the venue of this court by defendants was not filed in limine and not timely filed and therefore hereby overruled.”
Defendants filed a motion for a new trial on October 4, 1971, which was set for trial on October 18, 1971, and then continued until December 6, 1971. According to brief of defendants’ counsel, this procedure was used to permit counsel for both sides to negotiate a proper settlement, and there are copies of correspondence filed with defendants’ appellate brief which tend to substantiate this. Nevertheless, the motion for a new trial was denied on December 6, 1971. The minute entry for that date reads: “This matter came before the court on the motion for new trial filed herein. The motion was argued by counsel and submitted to the court. Whereupon for oral reasons assigned, the motion for the new trial was denied.”
Defendants timely filed an appeal against the final judgment of September 27, 1971, alleging error by the trial court as follows:
“1. The District Court erred in granting a default judgment in favor of INA on the evidence before it and with the defendants’ exception of record.
“2. The District Court abused its discretion in not granting DEFENDANTS’ Motion for a New Trial.
“3. The District Judge was in error in overruling Defendants’ duly filed Exceptions of Venue ex parte without notice of the opportunity of being heard.”
Appellee did not answer.
The denial of the defendants’ motion for a new trial and the overruling of the exception to the venue of the Court are interlocutory orders, and in the absence of a showing of irreparable injury, are not appealable under C.C.P. Art. 2083. However, as defendants claim that the lower court abused its discretion in its rulings on this motion, and since this suit is before us on an appeal from a final judgment, these *146 interlocutory decisions have been examined and reviewed. There is no showing of an abuse of discretion in the trial court’s denial of the motion for a new trial, and the exception of venue was filed after issue was joined by the entry of a preliminary default, and was, therefore, not timely.
In regard to appellants’ other assignment of error, charging that the trial judge rendered judgment without sufficient evidence, it must be noted that there is no transcript of testimony in the record, no note of evidence, and no narrative of facts as required under the circumstances by C. C.P. Art. 2131. We quote from a recent case language which we feel pertinent to the case at hand:
“It is too well settled to require the citation of any authorities that the burden is on the party alleging error to show it affirmatively on the face of the record. It is also well settled that in the absence from the record of a note of evidence or statement of facts the recitation in a judgment that the plaintiff made due proof of his demand imparts to the judgment a presumption of its correctness and of the sufficiency of evidence upon which it was based (Nugent v. Stark, 34 La.Ann. 628; A. J. Hodges Industries v. Fobbs, La.App., 39 So.2d 91). It is also well settled that parties are not required to have their evidence reduced to writing or to see to it that a note is made of the evidence which is introduced, and when a judgment has been rendered and no note of evidence has been made at the time of the trial it is incumbent on the party desiring to appeal to secure a narrative of facts in accordance with LSA-C.C.P. Arts. 2130, 2131 (C.P. Arts. 601-603). See Succession of Moore, 42 La.Ann. 332, 7 So. 561; A. J. Hodges Industries v. Fobbs, supra; Frederick v. Popich Marine Construction, Inc., La.App., 136 So.2d 423.
However defendant contends: that the judgment by default must be confirmed by proof of the demand sufficient to establish a prima facie case (LSA-C.C.P. Art. 1702; Dreher v. Guaranty Bond & Finance Co., 184 La. 197, 165 So. 711) * * *.” Francois v. Cloud, 149 So.2d 678 (La.App. 4th Cir., 1963).
In the instant case plaintiff filed with its original petition an affidavit of the plaintiff’s claim, plus an audit sheet showing the premiums due. Although the plaintiff referred to a statement of account dated February 20, 1970, which it alleged was attached to the supplemental petition and made a part thereof as plaintiff’s Exhibit “P-3”, a careful search of the record does not reveal its existence. In the confirmation of the default dated September 27, 1971, the trial judge rendered judgment for Five Thousand Eight Hundred Ninety-Nine and 56/100 ($5,899.56) Dollars, “subject to the credits as shown on attached statement and dated February 20th, 1970 in the total amount of $1,458.97.” We believe that such a statement of account must have existed. Except for the remittitur or payment acknowledged in the supplemental petition and the missing statement of account, plaintiff might well have obtained a judgment in the larger amount proved by the plaintiffs’ affidavits and audits attached to its original petition. We consider plaintiff’s petition sufficiently proved. Lacking any narrative of facts or note of evidence other than that to which reference has already been made, we find nothing else to review on this point, and are constrained to follow the rule that there is a presumption that the trial court’s judgment was supported by adequate and sufficient proof, absent a showing to the contrary.
For the foregoing reasons the judgment of the lower court is affirmed at appellants’ costs.
Affirmed.