160 So.2d 585

**Guy V. PORTIER**

v.

**MARQUETTE CASUALTY COMPANY.**

**No. 46740.**

Jan. 20, 1964.

Rehearing Denied Feb. 24, 1964.

---

4. Burglary tools were also discovered in the car.

James P. Vial, Leon C. Vial, III, Harry T. Lemmon, Hahnville, for plaintiff-appellee.

Schoemann, Gomes, Ducote & Collins, Rudolph R. Schoemann, New Orleans, for defendant-appellant-respondent.

HAMLIN, Justice:

In the exercise of our supervisory jurisdiction (Art. VII, Sec. 11, La.Const. of 1921, LSA) we directed Certiorari to the Court of Appeal, Fourth Circuit, limited to a review of that part of its judgment in the instant matter which denied plaintiff's motion to dismiss the appeal because of appellant's failure to have the record lodged in the Court of Appeal on or before the return day as extended. 244 La. 624, 153 So.2d 415.

The facts of record disclose that Guy V. Portier brought suit against Marquette Casualty Company for property damages, in the amount of $405.95, alleged to have resulted from the negligence of the proprie-

tor,[1] his agents and/or employees, of the Norco Shell Service Station, Norco, Louisiana, in the adjustment and manipulation of the brakes of plaintiff's 1957 Chrysler automobile. The trial court rendered judgment as prayed for by plaintiff. On March 22, 1962, the trial judge signed defendant's motion for a suspensive appeal and fixed May 21, 1962 as the return day for filing the record in the Court of Appeal. An appeal bond was furnished on March 28, 1962, in the amount of $657.23.

On March 20, 1962, the Clerk of Court, Parish of St. Charles, submitted to counsel for defendant a bill reading:

"Court Costs in Suit #6611 —
Guy V. Portier vs. Marquette
Casualty Co. ---------------$58.95
   Less unused portion of wit-
      ness fee deposit --------- 4.25
                        
   Balance Due -------------$54.70"

The bill was paid on March 22, 1962; counsel had previously paid $16.50 witness fees, out of which had been expended $12.25 ($16.50–$12.25=$4.25). Therefore, a total of $71.20 had been paid to the Clerk of Court ($54.70 plus $16.50=$71.20).

On May 1, 1962, a letter was addressed to the Clerk of Court by counsel for defendant, requesting advice as to when the transcript and record would be ready "since the return date is rapidly approaching."

His letter was returned with a written notation on the bottom thereof signed by a Deputy Clerk to the effect that if the transcript was not ready by May 21, 1962, "we will take the extension."

On June 27, 1962, counsel again wrote the Clerk of Court: "We would appreciate you advising us if the transcript of the record has been filed in the Court of Appeals." This letter was also returned to counsel with a notation on the bottom thereof signed by a Deputy Clerk: "The return date on the above matter has been extended to July 20, 1962."

On July 19, 1962, counsel again wrote the Clerk of Court: "Since I will be out of town on July 30, 1962, kindly either file the transcript and record it with the Court of Appeals. If the record is still not ready, please have the return date extended." It is admitted by counsel that "July 30" is in error.

On August 10, 1962, the Deputy Clerk of Court wrote to counsel for the defendant that "we will need a check made payable to the Court of Appeal, Fourth Circuit, in the sum of $25.00 before the suit can be filed in Appeal Court. The return date is August 20, 1962."

On August 29, 1962, counsel for the defendant sent a check for $25.00 made payable to the Court of Appeal, Fourth Circuit,

---

1. Marquette Casualty Company had in full force and effect a garage liability policy covering and protecting the proprietor, his agents and/or employees, of the Norco Shell Service Station.

to the Clerk of the District Court; he made a notation on the check: "Sorry for the delay, but this bill was received while I was out of town."

The record was lodged in the Court of Appeal on September 5, 1962, sixteen days after the return day as extended.

On September 17, 1962, counsel received a bill from the Clerk of Court reading: "Court Cost Suit #6611, Guy V. Portier vs. Marquette Casualty Co., $17.85", and on September 20, 1962, this amount was paid, the letter of transmittal stating: "We would appreciate you advising us concerning what these expenditures are for and their dates." On October 2, 1962, the Clerk of Court replied as follows:

"In reply to your letter of September 20, 1962 I am enclosing a photostatic copy of charges in connection with this suit.

"A summary is as follows:

| | |
|---|---|
| Clerk's fees | $54.50 |
| Sheriff's fees, etc. | 34.55 |
| | $89.05 |

"Payments received:

| | |
|---|---|
| September 11, 1961 | $16.50 |
| March 22, 1962 | 54.70 |
| September 24, 1962 | 17.85 |
| | $89.05 |

"As you will see, the account is now in balance after giving consideration to the $20.00 refund we will make to Mr. James P. Vial, Attorney for Plaintiff for his advance deposit. * * "

On September 6, 1962, counsel for plaintiff-appellee filed a motion to dismiss the appeal, averring:

" * * * the return day was subsequently extended by the defendant to July 16, 1962, and then further extended to August 20, 1962, but that payment of the costs by the appellant was not made prior to three days of the extended return day and that the record of appeal was not lodged in this Honorable Court by the Clerk of the 29th Judicial District Court for St. Charles Parish, Louisiana.

"That no extension of the already extended return day was acquired by either the appellant or by the Clerk of Court, and the record of appeal has been lodged in this Honorable Court on September 5, 1962, and that the costs payable to the Clerk of Court by the appellant were not made until August 31, 1962.

"That the record of appeal was completed by the Clerk of Court for the 29th Judicial District Court, St. Charles Parish, Louisiana, on August 17, 1962, and there was insufficient reason to apply to the District Judge for an additional extension of the return date.

"That the appeal has been lodged herein delinquently and beyond the re-

turn date as prescribed by law and should therefore be dismissed."

After reviewing the arithmetical facts set forth supra, the Court of Appeal (146 So.2d 48) found that it was perfectly apparent that what the Clerk did was to apply the balance of $58.95 to the total of the costs accrued in the case in spite of the fact that defendant-appellant had taken and perfected a suspensive appeal. The Court stated that the appeal taken by defendant-appellant suspended the execution and effect of the judgment appealed from and such judgment had not become final. The Court further held that appellant could not become liable for accrued costs unless and until a final judgment was rendered against it by the appellate court. It stated:

"Since the suspensive appeal prevented the clerk from rightfully charging the defendant-appellant with the accrued costs, the clerk had a balance on hand to the credit of defendant-appellant amounting to $58.95 as of March 22, 1962. This balance was more than sufficient to cover both the amount due the clerk of the trial court for the preparation and transmitting the record (29.80) and the $25.00 filing fee due the clerk of the Court of Appeal. Since the costs of the appeal (LSA–C.C.P. Arts. 2126, 2127; LSA–R.S. 13:4445) were in the clerk's hands more than three days in advance of the extended return day, the delay of the clerk in lodging the record in the appellate court is not imputable to the appellant."

The Court of Appeal denied the motion to dismiss.[2] The appeal was then considered on the merits of the case (150 So.2d 882), the motion to dismiss being renewed at that time. The Court stated that it found no reason for reversing its previous ruling denying the motion to dismiss. It reversed the judgment of the trial court and found plaintiff's wife, the driver of the car at the time the instant property damage was incurred, guilty of contributory negligence which superseded the primary negligence, if any, of the service station operator.

The present review was granted; in this Court, relator, plaintiff Guy V. Portier, assigns the following errors in the judgment of the Court of Appeal denying the motion to dismiss:

"1. The Court of Appeal erred in holding that the district Court clerk had available funds with which to pay costs of preparation and filing the appeal.

"2. The Court of Appeal erred in not considering L.S.A.–R.S. 13:969 (D) and in holding that all costs of the appeal had been paid by the appellant.

2. This Court denied Certiorari on January 3, 1963.

"3. The Court of Appeal erred in holding that the clerk of the district Court should have applied available funds paid by appellant during the course of the litigation for specific purposes without the consent or instruction of the appellant and finding that the delay in timely lodging the appeal was not imputable to the appellant."

Defendant respondent argues here:

(a) Harsh procedural technicalities are dispensed with under the new Code of Civil Procedure.

(b) The clerk of the district court is entrusted with the responsibility for applying for extensions and lodging the appeal.

(c) Herein, counsel for the defendant was not guilty of neglect or malpractice in lodging the appeal.

(d) Herein, the Clerk of Court had sufficient monies to pay the Court of Appeal the filing fee.

(e) The cost of the transcript is covered by the suspensive appeal bond.

(f) The Clerk of Court was requested to file the appeal or obtain an extension.

Anent the procedure of lodging appeals, the new Code of Civil Procedure provides:

"The return day of the appeal shall be fixed by the trial court at not more than sixty days from the date the appeal is granted, but may be extended by the trial court for sufficient cause, on the application of the clerk, or of the deputy clerk preparing the record of appeal."[3] LSA–C.C.P. Art. 2125.

"The appellant shall pay to the clerk of the trial court, not later than three days prior to the return day or extended return day, all costs of preparing the record on appeal, and the filing fee required by the appellate court to lodge the appeal."[4] LSA–C.C.P. Art. 2126.

3. "(c) This article gives the lower court some control over a case in which an appeal has been perfected. Under Louisiana jurisprudence, it is well settled that a lower court loses all jurisdiction over a case on appeal except as to the appeal bond. Mistich v. Holman, 205 La. 171, 17 So.2d 23 (1944). The above text extends the lower court's jurisdiction to a further point, at least in so far as adjusting the return date on the appeal. See Art. 2088, supra. Since the doctrine of the Mistich case and those cases which preceded it is not based upon any constitutional provision, the legislature has the power to extend the jurisdiction of the lower court to the extent provided by this article." Official Revision Comments.

4. "The new statute adopted to implement the above article [13:4445] accords with the latter, and specifies what fees the clerk of the trial court shall charge the appellant. See revised R.S. 13:4445 and 13:4446. Both this statute and the above article are intended to overrule legislatively the unfortunate and unworkable rule of Osborne v. Mossler Acceptance Corporation, supra, [210 La. 1048,] [29 So.2d 58,] by: (1) making it the man-

"The clerk of the trial court shall have the duty of preparing the record on appeal. He shall cause it to be lodged with the appellate court on or before the return day or any extension thereof, upon the timely payment to him by the appellant of all fees due in connection with the appeal, including the filing fee required by the appellate court to lodge the appeal. Failure of the clerk to prepare and lodge the record on appeal either timely or correctly shall not prejudice the appeal." LSA–C.C.P. Art. 2127.

■ The above Articles and Official Revision Comments reflect that it was the Legislative intent to place the onus of lodging the appeal in the appellate court on the Clerk of the District Court; it was the Legislative intention to rest the re-

daTory duty of the appellant to pay these fees to the clerk of the trial court; and (2) requiring such payment to be made not later than three days before the return day, or extended return day. If the appellant fails to pay such fees timely, any delay in lodging the record of appeal in the appellate court is imputable to the appellant." Official Revision Comments.

"A. Not later than three days before the return day, or extended return day, of the appeal fixed by the trial court, the appellant shall pay to the clerk of the trial court:

"(1) The fees to be due the clerk of the appellate court for filing the record of appeal, under the applicable provision of R.S. 13:126 or R.S. 13:352; and

sponsibility for appellate costs with the appellant.

"However, the rule now in all appellate courts is (as it has always been in the First, Second, and Third Circuits) that it is the duty of the trial court clerk and not of the appellant to lodge the record timely, so that an appeal will not be dismissed as tardily filed unless there is a showing that the non-timely filing is due to fault on the part of the appellant or his attorney. Art. 2127, LSA–Code of Civil Procedure (1960); LSA–R.S. 13:4445, subd. B, as enacted by Act 38 of 1960, effective as emergency legislation, June 20, 1960; Cloud v. Cloud, La.App. 3 Cir., 127 So.2d 560; Elliott v. Mowad, La. App. 3 Cir., 125 So.2d 461. * * *" Vidrine v. Mayes, La.App., 127 So.2d 809.

"(2) The cost of transmitting the record of appeal to the clerk of the appellate court and all other fees due the clerk of the trial court for preparing the record of appeal.

"B. The clerk of the trial court shall transmit the fees due the appellate court clerk, with the record of appeal, to the clerk of the appellate court to which the appeal is taken. The clerk of the appellate court shall not docket the appeal or file the record thereof until he has received the fees due him. When the appellant has paid the fees required under Sub-section A of this Section timely, the failure of the clerk of the trial court to transmit the record, or to pay the fees due the appellate court clerk timely, is not imputable to the appellant." LSA–R.S. 13:4445.

■ Appeal is the exercise of the right of a party to have a judgment of a trial court revised, modified, set aside, or reversed by an appellate court. LSA–C.C.P. Article 2082. Under our law and jurisprudence, appeals are favored and aided by the courts. Esso Standard Oil Company v. Jordan, 231 La. 594, 92 So.2d 377; Succession of Tullier, 216 La. 821, 44 So.2d 880; Vidrine v. American Employers Ins. Co., 129 So.2d 284. The law is too well settled to require the citation of authority that appeals are favored in the law, must be maintained wherever possible and will not be dismissed for technicalities. Sam v. Deville Gin, Inc., La.App., 143 So.2d 838. Unless the ground urged for the dismissal is free from doubt an appeal will be sustained. Police Jury of Parish of St. James v. Borne, 192 La. 1041, 190 So. 124.

"There are a number of decisions which point out that where the motion to dismiss the appeal strikes at the foundation of the right of the appeal itself, the motion should be maintained, whereas if the motion relates to some informality in connection with the appeal which does not affect the right of appeal itself or the jurisdiction of the Appellate Court, such informality should not result in preventing a review of the case by the Appellate Court. * * *" Clostio's Heirs v. Sinclair Refining Co., La.App., 36 So.2d 283.

The Code of Civil Procedure sets forth rules of construction, and among these rules is Article 5051 which states that the articles of the Code are to be construed liberally, and with due regard for the fact that rules of procedure implement the substantive law and are not an end in themselves. Also, courts are enjoined to liberally interpret the rules of civil procedure so that the real rights of the litigants may be protected. Marcantel v. Manuel, La.App., 134 So.2d 615.

■ A consideration of the above jurisprudence in connection with the articles of the Code of Civil Procedure, supra, leads us to agree with the finding of the Court of Appeal that defendant made a sufficient deposit on March 22, 1962 and had an adequate balance on August 20, 1962 to take care of the costs of filing his appeal. Prior to August 20, 1962, the Clerk of Court appropriated the funds on deposit to the accrued costs. These costs did accrue, but all were not really due by defendant on August 20, 1962. Defendant took a suspensive appeal, the effect of which was to suspend the execution of the judgment rendered against him (LSA–C.C.P. Art. 2123); costs are usually a part of the judgment (LSA–C.C.P. Art. 1920) and may be assessed by the appellate court (LSA–C.C.P. Art. 2163). Defendant furnished an appeal bond on March 28, 1962, in the amount of $657.23; this bond sufficiently covered all costs and stated:

"NOW THE CONDITION OF THE ABOVE OBLIGATION IS SUCH, That the above bound MARQUETTE CASUALTY COMPANY shall prosecute its appeal, and shall satisfy whatever judgment may be rendered against MARQUETTE CASUALTY COMPANY or that the same shall be satisfied by the proceeds of its estate, real or personal, if it be cast in the appeal; otherwise that the said FIDELITY & DEPOSIT COMPANY OF MARYLAND shall be liable in its place."

Since bond was furnished and no contention has been made herein that the record did not contain all material needed for the disposition of this matter on appeal, there is no necessity for us to discuss relator's contention (LSA–R.S. 13:969(D)) that the stenographic fees were not paid until after the extension date. Cf. Sirone v. Distefano, La.App., 67 So.2d 150.

The actions of defendant's counsel were expressive of diligence; he was solicitous of the preparation of the record and its being lodged by the Clerk of the Trial Court in the Court of Appeal; he paid promptly when billed; he informed the Clerk of Court of his pending absence from the district; he was guilty of no laches. To find that counsel for the defendant was derelict in his duty would defeat the spirit and tenor of the new Code of Civil Procedure.

We conclude that the Court of Appeal was correct in holding that defendant's balance of $58.95, as of March 22, 1962, was more than sufficient to cover both the amount due the Clerk of the Trial Court for the preparation and transmitting the record ($29.80) and the $25.00 filing fee due the Clerk of the Court of Appeal. LSA–C.C.P. Arts. 2126, 2127; LSA–R.S. 13:4445. Any delay in lodging the record in the Court of Appeal was, therefore, not imputable to the appellant.

For the reasons assigned, the judgments of the Court of Appeal, Fourth Circuit, are affirmed. All costs to be paid by plaintiff.

160 So.2d 591