169 So.2d 404 (1964)
MID-STATE HOMES, INC.
v.
Viola DAVIS.
No. 1634.
Court of Appeal of Louisiana, Fourth Circuit.
December 7, 1964.
Walton J. Barnes, Baton Rouge, for plaintiff-appellant.
George T. Oubre, Norco, for defendant-appellee.
Before McBRIDE, REGAN and BARNETTE, JJ.
CHRIS T. BARNETTE, Judge pro tem.
This matter is presently before this Court on a motion to dismiss the appeal based upon the appellant's failure to have the appeal lodged in this Court until after the return date. Appellant is charged with failure to pay the clerk of the trial court the fees for lodging the appeal as required by LSA-C.C.P. art. 2126.
Plaintiff-appellant timely applied for and was granted a devolutive appeal returnable to this Court on May 15, 1964. Bond as ordered by the trial court was duly filed. On May 15, on motion of the clerk of the trial *405 court, the transcript being incomplete, the return date was extended to July 12, 1964.
On June 10, plaintiff-appellant's attorney received the following letter, or statement:
 "RUTH M. LeBOEUF
 COURT REPORTER
 P. O. BOX 195
 GARYVILLE, LOUISIANA
 June 9, 1964
"Mr. Walton J. Barnes
 Attorney at Law
 307 North Boulevard
 Baton Rouge 1, Louisiana
"Re: Appeal transcript for Case No. 7753Parish of St. Charles'Mid-State
 Homes, Inc. v. Viola Davis'
"Original and carbon copy ---------------------------------- $ 7.50
"Transcript will be filed upon receipt of above balance.
 Thanks!!!
"[Signed] Ruth LeBoeuf"
Upon receipt of the above notice, the amount indicated was paid by return mail.
Even assuming that plaintiff's attorney did not personally know the writer of the foregoing notice, it should have been apparent to him from the letterhead that she was the court reporter and not writing in the capacity of clerk or deputy clerk of court. Obviously the "transcript" referred to was the transcript of testimony and not the transcript of the record for appeal.
As evidence, however, that the attorney might have made an honest error in assuming that the payment of $7.50 would complete the charges for filing the transcript of record on appeal, we find that on July 1, he wrote to the clerk of this Court requesting a withdrawal of the transcript. He was informed by return mail that the transcript had not been, as of that date, July 2, received and lodged in this Court. This should have been sufficient notice to him to make inquiry of the trial court clerk, which apparently he did not do. The transcript of record on appeal was received and filed in this Court on August 10. On August 14, the defendant's motion to dismiss the appeal was filed.
Appeals are favored by our law and must be maintained wherever possible and should not be dismissed for technicalities. The grounds should be free from doubt and the rules liberally construed so as to protect the real rights of the litigants. Portier v. Marquette Casualty Company, 245 La. 702, 160 So.2d 585 (citing other cases).
LSA-C.C.P. art. 2161 provides as follows:
"An appeal shall not be dismissed because of any irregularity, error, or defect unless it is imputable to the appellant. Except as provided in Article 2162, a motion to dismiss an appeal because of any irregularity, error, or defect which is imputable to the appellant must be filed within three days, exclusive of holidays, of the return day or the date on which the record on appeal is lodged in the appellate court, whichever is later."
(The exception provided by Article 2162 has no application in this case.)
*406 Therefore, assuming arguendo that plaintiff-appellant's attorney was at fault in misinterpreting the court reporter's letter of June 9, and that the failure to lodge the appeal in this Court on or before the return day is imputable to him, the motion to dismiss, having been filed on the fourth day after the appeal was lodged in this Court, comes too late.
The motion to dismiss the appeal is therefore denied.
Motion denied.