CHASEZ, Judge.
The dative testamentary executor for Mrs. Videau’s Succession filed an application to homologate an amended Tableau of Distribution in order that the Tableau would conform to the judgment rendered by the Fourth Circuit Court of Appeal.
Mrs. Valda Videau Farrell, a forced heir of decedent, filed an opposition to the Tableau as amended. Judgment was rendered on December 17, 1968 in favor of the Dative Testamentary Executor, and on the 19th day of December, 1968 the opponent and forced heir applied for a new trial. After a hearing on this application, the court on February 24, 1969 rendered a judgment amending and reaffirming its judgment of December 17, 1968. Opponent, Mrs. Farrell, on March 24, 1969 applied for and was granted a devolutive appeal, which was made returnable on May 23, *353 1969. Counsel for opponent then directed the Clerk of Court to prepare certain documents for the appeal under the provisions
of L.S.A.-C.C.P. art. 2128. The documents listed by opponent to form part of her devolutive appeal are:
“TO THE APPEALS CLERK:
“Please prepare the following documents for Appeal.
NAME DOCUMENT NO. DATE FILED.
Petition and will 1 July 23, 1964
Affidavit (Descriptive List) 5 Sept. 25, 1964
Affidavit (Amended Descriptive List) 7 Nov. 13, 1964
Amended Descriptive List 11 Sept. 16, 1965
Petition and tableau 15 Feb. 26, 1966
Opposition to Tableau 16 March 8, 1966
Petition 18 April 21, 1966
Third Supp. and Amended List 19 April 21, 1966
Corrections to Tableau 20 April 21, 1966
Petition and Fourth Supp. List 41-42 July 17, 1967
Petition 43 July 24, 1968
Petition and Amended Tableau 47 July 25, 1968
Opposition to Tableau 48 August 7, 1968
Descriptive List (Jules) 49-50 Sept. 30, 1968
Petition and exhibit (purchase agreement)
(Opposition to sale of house) 51 Sept. 27, 1968
Response to Opposition 59 Dec. 5, 1968
Application for New Trial 66 Dec. 19, 1968
Exhibit 67 Dec. 19, 1968
Note of evidence 68 Dec. 16, 1968
Exhibit 69 Dec. 16, 1968
Judgment 70 Dec. 16, 1968
Petition 75 Jan. 30, 1969
Designation of documents 86
Proof of Judgment 76
Reasons for denying new trial 77 Feb. 21, 1969
Judgment 81 Feb. 24, 1969
New Orleans, Louisiana 1969.
Kepper, Moulin & Kepper
By: /s/ Stewart J. Kepper
Attorneys for Appellant
Mrs. Valda Faye Videau, wife
of Thomas C. Farrell, Jr.
515 Hibernia Building 524-4774
New Orleans, Louisiana 70112
March 28th, 1969
Copy mailed to Mrs. Burkett
/s/ Stewart J. Kepper”
*354 The record thus prepared by the Clerk of Court was lodged in the .appeal court on May 23, 1969, the date set by the court for its return.
The Dative Testamentary Executor, ap-pellee herein, filed two motions in this court requesting: “ * * * that appellant be given ten (10) days to correct and amend the record or suffer the dismissal of his appeal.” The first of these motions was filed on September 2, 1969 and the second was filed on September 9, 1969. Responses were made to both these motions by appellant herein. The crux of the motions filed by appellee is that the record returned by appellant allegedly omits all testimony elicited and exhibits filed at the trial of the opposition, as well as the judgment which had been previously rendered on April 3, 1967, and further contains pleadings not pertinent to the opposition; that the record therefore is an improper record. The appellant states in its response to the motions filed that the record is a proper one and contains the documents and evidence pertinent to the trial of the opposition .and that the action for the relief sought by the appellee was dilatorily filed and therefore the appeal herein taken should not be dismissed.
As above stated, the motions to dismiss the appeal were not filed until September 2, 1969 and September 9, 1969. Appeals are favored by our law and must be maintained wherever possible and should not be dismissed for technicalities. See Portier v. Marquette Casualty Company, 245 La. 702, 160 So.2d 585 and Mid-State Homes, Inc. v. Davis, La.App., 169 So.2d 404.
The answer to the contentions of appellee lie in L.S.A.-C.C.P. Art. 2132 which provides:
“Art. 2132. Same; correction
“A record on appeal which is incorrect or contains misstatements, irregularities or informalities, or which omits a material part of the trial record, may be corrected even after the record is transmitted to the appellate court, by the parties by stipulation, by the trial court or by the order of the appellate court. All other questions as to the content and form of the record shall be presented to the appellate court.”
In Favrot v. Favrot, 252 La. 192, 210 So.2d 316 (1968), the Supreme Court held “This Article clearly contemplates material omissions from the record on appeal and provides a method of correction. Although the evidence was omitted, the record filed in the Court of Appeal was a record on appeal for [purposes of] applying the delay provision of LSA-C.C.P. Article 2161.” Also L.S.A.-C.C.P. art. 2161 provides as follows:
“Art. 2161. Dismissal for irregularities
“An appeal shall not be dismissed because of any irregularity, error, or defect unless it is imputable to the appellant. Except as provided in Article 2162, a motion to dismiss an appeal because of any irregularity, error, or defect which is imputable to the appellant must be filed within three days, exclusive of holidays, of the return day or the date on which the record on appeal is lodged in the appellate court, whichever is later.”
Therefore, assuming arguendo that appellant’s failure to include a copy of the transcript and exhibits is imputable to him, the motion to dismiss being filed more than three months after the return date, comes too late.
We are of the opinion that the motion to dismiss the appeal should be overruled for the reasons that, first, the motion was not filed within three judicial days after the appeal was lodged in this court as provided in L.S.A.-C.C.P. art. 2161 and Mid-State Homes, Inc. v. Davis, supra, and second, that appellee, Dative Testamentary Executor of the Succession has a legal right under the provisions of article 2128 of the Code of Civil Procedure to have a supplemental record filed herein to include all evidence and documents he deems nec *355 essary for a trial in the matter. Article 2128 reads as follows:
“Art. 2128. Same; determination of content
“The form and content of the record on appeal shall be in accordance with the rules of the appellate court, except as provided in the constitution. However, within three days, exclusive of holidays, after taking the appeal the appellant may designate in a writing filed with the trial court such portions of the record which he desires to constitute the record on appeal. Within five days, exclusive of holidays, after service of a copy of this designation on the other party, that party may also designate in a writing filed with the trial court such other portions of the record as he considers necessary. In such cases the clerk shall prepare the record on appeal as so directed, hut a party or the trial court may cause to be filed thereafter any omitted portion of the record as a supplemental record. When no designation is made, the record shall be a transcript of all the proceedings as well as all documents filed in the trial court.” (Emphasis supplied.)
See also L.S.A.-C.C.P. 2132, supra.
For the reasons assigned the motion to dismiss the appeal is overruled.
Motion to dismiss overruled.