TUCKER, Judge.
ON MOTION TO DISMISS APPEAL
Here the plaintiff sued for herself and as natural tutrix for her four minor children for the death of her husband, killed by another officer, while decedent was employed as a police officer by the town of Franklin, Louisiana, and verdict was rendered by a jury awarding her individually the sum of $88,000.00 and as natural tutrix, the sum of $110,000.00 against defendants, Joseph Garlotte, Chief of Police of the Town of Franklin, and Travelers Insurance Co., insurer of the Town of Franklin.
From this judgment defendants filed a petition for appeal which was granted and made returnable June 26, 1970. Prior to the expiration of the original return date the Clerk of Court for the Sixteenth Judicial District filed a motion and was granted an extension of the return date to September 26, 1970, inasmuch as the record for appeal was not yet completed and ready for lodging.
By September 3, 1970, the record was completed, and appellants’ counsel was informed of this fact on September 4, 1970. A controversy as to costs ensued between the clerk of court and appellants, which was resolved and payment of all costs made to the Clerk of Court on September *39 28, 1970. Immediately after costs were paid, the Clerk of Court mailed the record, prepaid, to the Court of Appeal, where it was received on September 30, 1970.
A motion to dismiss the appeal was filed by appellees on October 1, 1970, on the basis of the appeal’s having been filed too late caused by appellants’ failure to pay costs timely. Defendant-appellants answered, saying that inasmuch as September 26 was a legal holiday, filing on the next legal day, i. e., September 28, 1970, was timely (C.C.P. sec. 5059). They argued further that mailing the record on September 28 satisfied requirements for “lodging” the record in the Court of Appeal as set forth in C.C.P. arts. 2126-2127, as well as requirements of Rule I, sec. 6 of the Uniform Rules for the Court of Appeal and L.R.S. 13:4445 which speak of “transmitting” the record. They alleged further that when a record is actually lodged in the Court, the question of whether or not the costs were paid timely becomes moot, under principles enunciated in Matlock v. Allstate Insurance Co., 153 So.2d 776 (La.App.3rd Cir. 1963).
The motion to dismiss the appeal was tried on November 16, 1970. The court held that “lodging” as required in C.C.P. 2127 meant that the record must actually be in the office of the Court of Appeal on the return date, and not simply mailed on that day. The fact that the record was not timely “lodged” opened the question of whether or not costs had been timely paid as required by C.C.P. 2127, which states that all costs must be paid by appellant to the Clerk of Court “not later than three days prior to the return day or extended return day.” Continuing, the court said “This requirement is for the obvious purpose of providing the clerk with three days to see that the record reaches the appellate court on or before the return day.” Martin v. Garlotte, 245 So.2d 517 (La.App. 1st Cir. 1970).
Accepting September 28 as the extended return day instead of -September 26 which was a Saturday, that would have meant that costs were to be paid three judicial days previously, or by September 23. The record shows that payment was not made until September 28 at 2:15 P.M., which was too late for the Clerk of Court to “lodge” the whole record and fees in the First Circuit Clerk of Court’s office. The Court, on November 16, remanded the case to the trial court to obtain appellants’ explanation for not having paid costs on time, inasmuch as they were still urging discrepancies in cost items. The court vouchsafed: “If there is in fact a legitimate controversy through no fault of appellants, then the delay in payment should not be imputed against appellants. However, if there is no discrepancy, we believe that appellants had ample time to satisfy the cost requirements.”
The case was remanded for the securing of evidence to be forwarded to the Court of Appeal which would enable the Court to determine whether or not the fault rested with the appellants in declining to pay the bill for costs or the Clerk of Court in forwarding and requesting payment on an erroneous statement.
In the Remand hearing held in the trial court on December 4, 1970, the following evidence was adduced:
Clerk’s bill, dated September 4, 1970 (a Friday) was received by Attorney, Mr. Coleman on September 7, 1970 (a Monday).
Original bill was mailed to Travelers Ins. Co., with cover letter from attorney dated September 8, 1970. Letter was sent to Mr. Perret, Claims Supervisor in Lafayette Office of Travelers.
A letter dated September 15, 1970, was addressed to Mr. Coleman, signed by Mr. Perret, requesting an itemized bill, which Mr. Perret later testified was requested due to the policy of his company, and not because he had any complaint with the clerk’s bill at that time (p. 25, testimony in December 4 hearing).
*40 On September 16, Mr. Coleman went to the Clerk’s office and requested an itemized statement. The deputy clerk, Miss Jane Coullard, testified that she offered to xerox for Mr. Coleman a copy of their docket sheet, but he said that he preferred to wait until Monday to talk to Mrs. Joyce Faucheux, who was in charge of appeals and would be back from her vacation at that time (pp. 49-50, transcript of December 4 hearing).
On Monday September 21, 1970, Mr. Coleman obtained an itemized statement from Mrs. Faucheux and mailed it to Mr. Perret.
On Monday, September 28, Mrs. Fau-cheux telephoned Mr. Coleman and informed him that that was the last day to send the record in the case to the Court of Appeal. Mr. Coleman then called Mr. Per-ret and requested a check in the amount of the bill ($1,110.50), plus $25.00, the filing fee for the Court of Appeal. Mr. Perret testified that after he received the xeroxed docket sheets on September 22, which he thought was the bill, but was not, he put it aside for a day or two, then made a tape on it, found some discrepancies, put it and aside and resolved to see Mr. Coleman the next time he went to Franklin (pp. 26-27, transcript of December 4 hearing). After Mr. Coleman’s call of September 28, he agreed to hand deliver him a check for the whole amount asked ($1,110.50), but with the understanding that they would review the bill and straighten it out later.
Both Mr. Coleman and Mr. Perret state that September 28 was the first time they were informed, or knew of the return date for the Court of Appeal. There is no testimony to the contrary.
When Mr. Coleman went to the Clerk’s office on September 28 and sat down and figured up the costs on an adding machine, he discovered that a $12.00 mistake had been made in favor of the Clerk of Court (p. 44, transcript of December 4 hearing). He paid the Clerk, however, and the Clerk deposited the record and fees in the mail shortly after 2:15 P.M.
Since it had already been determined on November 16, 1970, that the record in the case had not been lodged timely and the matter of timely payment of costs reopened, the case was remanded to determine whether or not it was the fault of the Clerk of Court of St. Mary Parish that the costs had not been paid timely.
The Clerk of the trial court completed his preparation of the record on September 3, and gave notice to the attorneys involved on September 4, that it was ready and also mailed them a bill for costs due. He did not indicate that there was any controversy or question as to the bill. Attorneys received notice 24 days before extended return date of September 28, which is ample time to pay the bill so that the Clerk of Court can transmit the record to the Court of Appeal.
It is the responsibility of attorneys for appellants to ascertain and know the return date for appeal.
Attorneys at no time questioned the bill, but appellant, Travelers, took 8 days to request itemized bill, even though they had no questions at that time. They simply wanted an itemization to uphold their company’s policy.
Attorneys went to Clerk’s office the next day after receiving request for itemized bill and made the judgment to wait from September 16 until September 21 to get a statement, instead of a xeroxed copy of the docket sheet, which contains costs on the back, from the Deputy Clerk in charge of appeals. This statement was transmitted to Mr. Perret of Travelers on September 22. Although he still had time to resolve any questions as to costs, which should have been done by September 23 to allow 3 judicial days prior to return date, he put it aside and delayed further, oblivious of the return date, which he said he never concerned himself about, leaving that matter to his attorneys (p. 26, tr. December 4 *41 hearing). He also admitted that he knew that any discrepancies in the bill would be satisfactorily resolved by the Clerk of Court, should he pay a bill before it had been approved finally by him. (p. 29, tr. December 4 hearing).
Mr. Blakeman, the Clerk of Court for the Sixteenth Judicial District, was present in court at the hearing. Neither side ever called him to testify. There is no evidence that he nor his office were dilatory in this matter, or ever other than cooperative in any requests made by Mr. Coleman for statements.
The purpose of remanding this case was to obtain testimony on which the Court of Appeal can determine whether or not the District Clerk of Court was at fault in the untimely payment of costs in this case, which are required by C.C.P. art. 2127 to be paid prior to the transmittal of the record to the Court of Appeal. The evidence seems quite clear that Mr. Blakeman and his office were free of any dilatoriness or fault in the preparation of the record or rendering of bills upon which payment could be made timely. The fault appears to lie with Mr. Perret of the Travelers Ins. Co., but his fault is imputed to said appellant’s attorneys, who were responsible for ascertaining the extended return date and paying the costs on time so that the Clerk of Court could have lodged the record in the Court of Appeal within the time fixed and prescribed.
Even though the proper date for the payment of costs was September 23, 1970, if the appeal record and filing fee had been delivered to the Clerk of this Court on September 28, the date it was actually paid, it would still have been considered timely, since the actual filing of the record makes moot the question of timely payment of costs. At this late date it was not the duty of the District Clerk of Court to use other means than those he utilized to obtain expeditious delivery of the record to the office of the Clerk of Court, First Circuit, Louisiana.
There have been numerous pleadings filed in this matter since the December 4 hearing, but they do not alter the untimely payment of costs in this case. Appellant argues that at least $112.00 of .the $155.00 charge for preparing the record for appeal is not the costs of the court, but taxable to counsel. C.C.P. art. 2127 — Official Notes indicates that the costs of the appeal should include “copies of the pleadings, extracts from the minutes of the court, transcript of testimony, bills of exception, instructions to juries, judgments, and other rulings.” Since the pages photo-stated were part of the record being prepared for appeal, they were properly taxed as a court cost.
Even if they were not, which would have reduced the costs for the appellate record to $43.00, plus the $25.00 filing fee, or $68.00, which was less than the $75.00 which appellants had on deposit with the Clerk of Court, that deposit could not be applied to appellate costs. It was on deposit to be applied against the costs of the trial in the district court, which were in excess of $1,000.00.
We reach our conclusion fully aware that the relatively new Code of Civil Procedure is designed to assuage and alleviate some of the stringent burdens heretofore resting upon appellants in perfecting and seeing their appeals were timely lodged with appellate courts; that under the provisions of C.C.P. Article No. 2127 the onus of lodging an appeal is shouldered by the Clerk of Court after the appellant had timely paid all fees during and in connection with the appeal. This court takes due notice and is mindful of the decisions in case of Portier v. Marquette Casualty Co., 245 La. 702, 160 So.2d 585 (1964), and numerous other cases which hold that appeals are favored and must be maintained and will not be dismissed for technicalities. Nonetheless, the onus of paying the applicable and pertinent costs still rests with the appellant.
*42 As harsh as it may seem at first blush, it is the judgment of this court that the record was lodged in the Court of Appeal too late; the costs of preparing the record for appeal were paid too late, and the Clerk of Court in the Sixteenth Judicial District Court was not at fault in the premises. The effect is just the same as if the petition for appeal had been filed too late in the first place. The motion to dismiss this appeal is sustained, and the appeal is dismissed.
Appeal dismissed.