McCALEB, Chief Justice.
Mrs. Doris Martin instituted the instant tort action for herself and on behalf of her four minor children, to recover for the death of her husband. The defendants are Joseph Garlotte and The Travelers Insurance Company.
The case was tried before a jury which rendered a verdict awarding plaintiff $88,000 for herself and $110,000 as the tutrix of the minors.
The defendants applied for and were granted a suspensive appeal, returnable June 26, 1970. The suspensive appeal bond was timely filed. At the request of the Clerk of Court, the return date was extended to September 26, 1970. The new return date fell on a Saturday which automatically extended the final date for filing to September 28, 1970. However, the record was not filed in the office of the Clerk of the Court of Appeal until October 1, 1970.[1]
Plaintiffs filed a motion to dismiss the appeal, pointing to the fact that the record was not delivered to the Clerk and was not filed by him until after the return date. In answer to the motion defendants urged that, since the record was mailed on the return day (September 28, 1970), the appeal was timely. Alternatively, defendants conceded that the appellate charges were not paid 3 days before the return day as specified by C.C.P. Article 2126 but they argued in the appellate court that there was a discrepancy in the itemized bill for costs and that therefore it was the fault of the Clerk that the costs were not paid within the time required by the article.
The Court of Appeal held that the act of placing the record in the mails did not constitute a “lodging” of the transcript in that court. And it remanded the case for the introduction of evidence pertinent to the question of whether the Clerk of the District Court was at fault in failing to lodge the transcript timely. 245 So.2d 517. After reviewing the evidence on that issue the appellate court dismissed the appeal, holding that the delay was due to the fault of defendants in that they did not pay the costs of the appeal three days prior to the return date as specified by Arts. 2126 and 2127 C.C.P. 248 So.2d 37. We granted *972 certiorari to review the correctness of that holding. 259 La. 740, 252 So.2d 448.
The pertinent facts established on the remand are as hereafter set forth.
After the granting of an extension of time for the filing of the transcript, the office of the Clerk of the District Court, on September 4, 1970, mailed to defendants’ counsel of record, John E. Coleman, Jr., a bill for costs in the amount of $1188.50, less a credit of $78,[2] or a total of $1110.50. The accompanying letter stated that as soon as the charges were paid the record would be filed. Written across the front of the bill was a notice that an additional amount of $25 should be paid by check to cover the filing fees in the Court of Appeal. The bill was only partially itemized and showed that the total amount was for Clerk’s costs — $850.70, witness fees ■ — $3.00, Court Reporter’s fees — $250, and Sheriff’s costs — $84.80.
The bill was forwarded to Henry C. Perret, head of the Travelers’ Claim Office. On September 15, 1970 Perret requested that Coleman obtain an itemization of the bill, which he did and forwarded it to Perret on September 21, 1970. Nothing further was done until September 28, 1970, at which time the clerk’s office called Coleman and reminded him that it was the last day for filing the return and that the costs had not been paid. Whereupon Coleman obtained a draft from Perret for the costs as billed and one for the Court of Appeal filing fee and delivered them to the Clerk at approximately 2:15 p. m. the same day. Immediately thereafter (on September 28, 1970) the record was placed by the Clerk in the mails for transmittal to the clerk’s office of the Court of Appeal. As stated above, it was not received by the Clerk of the court until October 1, 1970— the third day after the return date.
On its initial hearing of the motion to dismiss, the Court of Appeal held that the record was not timely “lodged” because it was not received in the office of its Clerk until two days after the return date. The holding was apparently based on the provisions of C.C.P. Art. 2127.
But in reaching this conclusion the appellate court failed to take into account the provisions of R.S. 13 :4445, as amended by Act 38 of 1960, and its effect on Article 2127.
Articles 2126 and 2127 read as follows:
Article 2126. “The appellant shall pay to the clerk of the trial court, not later than three days prior to the return day or extended return day, all costs of preparing the record on appeal, and the filing fee required by the appellate court to lodge the appeal.”
*974 Article 2127. “The clerk of the trial court shall have the duty of preparing the record on appeal. He shall cause it to be lodged with the appellate court on or before the return day or any extension thereof, upon the timely payment to him by the appellant of all fees due in connection with the appeal, including the filing fee required by the appellate court to lodge the appeal. Failure of the clerk to prepare and lodge the record on appeal either timely or correctly shall not prejudice the appeal.”
R.S. 13:4445, as amended, provides that:
“A. Not later than three days before the return day, or extended return day, of the appeal fixed by the trial court, the appellant shall pay to the clerk of the trial court:
(1) The fees to be due the clerk of the appellate court for filing the record of appeal, under the applicable provision of R.S. 13:126 or R.S. 13:352; and
(2) The cost of transmitting the record of appeal to the clerk of the appellate court and all other fees due the clerk of the trial court for preparing the record of appeal.
“B. The clerk of the trial court shall transmit the fees due the appellate court clerk, with the record of appeal, to the clerk of the appellate court to which the appeal is taken. The clerk of the appellate court shall not docket the appeal or file the record thereof until he has received the fees due him. When the appellant has paid the fees required under Sub-section A of this Section timely, the failure of the clerk of the trial court to transmit the record, or to pay the fees due the appellate court clerk timely, is not imputable to the appellant. As amended Acts 1960, No. 38, § 1.” (Italics ours)
It is immediately apparent that the provisions of this section of the Revised Statutes covers the identical subject matter as Articles 2126 and 2127 C.C.P. Except for some transpositions of phrases in some instances, the language is the same. Also it might be noted that R.S. 13:4445 prescribes that the appellant shall prepay the clerk the cost of transmitting the record to the Court of Appeal.
But of pertinence to the matter presently under consideration, is the Revised Statute provision which requires only that the clerk of the district court “transmit” the record to the appellate clerk — not, as is required by Article 2127, that he “lodge” the appeal. The words have different connotations. “Lodge” signifies having something placed with another person or in another place. It is consistently employed synonymously with “file” and it has been held by the courts that a transcript is not “lodged”, or filed, until it is delivered to the appellate clerk for filing. “Transmit”, on the other hand, means merely to send.
*976 We do not believe that the language of the amendment was inadvertent. On the contrary, in a comment thereto it is observed that the amendment was made “on the recommendation of the Judicial Council of Louisiana, and became effective on June 20, 1960” and that “The new section is broader than Arts. 2126 and 2127, LSA-Code of Civil Procedure and was not repealed on the effective date of the latter, Act 1960, No. IS, § 5.”
As we read the Revised Statutes section its only broadening aspect is that which re-' quires the cle'rlc merely to “transmit” instead of to “lodge” the record with the appellate clerk.
Unquestionably, then, the effect of R.S. 13 :4445, when read in connection with Article 2127, is to require only timely transmittal of. the record to the Court of Appeal.
The amendment to R.S. 13:4445 became effective prior to January 1, 1961, the effective date of the Code of Civil Procedure, which was adopted by Act IS of 1960. Ordinarily, the effectiveness of the latter would repeal any inconsistent language of the former. However, the repealing clause of Act 15 of 1960 specifically exempted from its effect the provisions of R.S. 13:4445. That clause contains the usual repealing clause language, but then provides that “nothing contained herein, or in the code enacted hereby, shall be construed to repeal, supersede, or otherwise affect, the provisions of Sections 4438, 4441, 4442, 4445, and 4446 of Title 13 of the Revised Statutes of 1950, as amended or adopted by the Legislature at its Regular Session of 1960.”[3] (Italics ours)
This language of the repealing clause makes it clear that the provisions of the cited Sections of the Revised Statutes are to take precedence over the codal articles in the event of a conflict.
We also observe that Section 6 of Rule 1 of the Uniform Rules of the Courts of Appeal, apparently taking cognizance of the language of R.S. 13:4445, provides that the records “shall be transmitted to the clerk of the court of the Court of Appeal on or before the date fixed for the return of the appeal or such extension thereof * * *.” (Italics ours)
Because the record herein was transmitted on its return date (September 28, 1970), the appeal was timely. This conclusion renders moot the question of whether the appellate costs were timely paid. Freuhauf Trailer Co. v. Baillio, 252 La. 181, 210 So.2d 312.
*978 For the reasons assigned; the judgment of the Court of Appeal is reversed and set aside, the motion to dismiss the appeal is overruled and the case is remanded to the Court of Appeal to be proceeded with according to law and the views herein expressed.
DIXON, J., dissents.

. In the defendants’ brief to this Court it is stated that the record reached the Court of Appeal in Baton Rouge September 30. However, the Clerk’s filing stamp indicates the date shown above. The discrepancy is immaterial inasmuch as both days were beyond the return day.

. The credit represented prior payments made by defendants for witnesses fees which had not been used.

. Some of these Sections of the Revised Statutes referred to in the repealing clause make certain changes in eorresponding Articles of the Code, others supply missing material.