SAMUEL, Judge.
The matter before us is a rule issued by this court, ex proprio motu, to show cause why the appeal taken by the defendant husband should not be dismissed because of the apparent fact that the appeal bond was not filed timely.
The appeal is from a final judgment decreeing a divorce between the parties and condemning the defendant to pay alimony for plaintiff’s support. The judgment was read, rendered and signed on December 10, 1973 after the matter had been tried and taken under advisement. Notice of the signing of the judgment was mailed to both attorneys of record on the same date, *268 December 10, 1973. No application for a new trial was filed by either party. Defendant’s petition for appeal was filed, and the order of appeal was signed, on January 9, 1974. The order was conditioned upon the furnishing of an appeal bond in the amount of $500. The bond was not furnished until February 19, 1974.
Under Code of Civil Procedure Articles 3942, 3943 and 2087 an appeal from a judgment granting a divorce and awarding alimony can be taken, and the security therefor furnished, only within 30 days from the expiration of the three day delay for applying for a new trial if no application for a new trial has been filed timely. Tn other words, where a bond is the security furnished, the appeal must be taken and, in addition thereto, the appeal bond must be filed within the 30 day appeal time.[1]
In the instant case the delay for applying for a new trial commenced to run on December 11, 1973 and expired in 3 days (LSA-C.C.P. Art. 1974). It is therefore quite clear that the bond filed on February 19, 1974 was not furnished within the 30 day appeal time allowed by LSA-C.C.P. Art. 3942.
Appellant concedes his bond was not filed within the permitted legal delay. However, he argues that extenuating circumstances involving the illness of his 73 year old mother in Argentina necessitated his being out of this country from December 14, 1973 to January 26, 1974, and his financial condition immediately after his return, prevented him from posting the bond timely. Because of these circumstances, he contends his case comes within the rule that appeals are favored under our law and should not be dismissed on technicalities.[2]
The timely filing of an appeal bond is not such a technicality; it is a fundamental part of perfecting an appeal. Our. jurisdiction does not attach unless the appeal and the bond are timely filed, and we are without authority to extend or waive the legislative requirements relative to the time within which an apppeal may be taken and the security therefor furnished.[3]
For the reasons assigned, the appeal is dismissed.
Appeal dismissed.

. Hawkins v. Shropshire, La.App., 275 So.2d 821; La.App., Britt v. Brocato, 170 So.2d 516.

. Appellant refers us to Emmons v. Agricultural Insurance Company, 245 La. 411, 158 So.2d 594; Mares v. Louisiana Wild Life and Fisheries Com’n., La.App., 228 So.2d 594; Succession of Videau, La.App., 228 So.2d 352; Mid-State Homes, Inc., v. Davis, La.App., 169 So.2d 404; Portier v. Marquette Casualty Company, 245 La. 702, 160 So.2d 585.

.State of Louisiana In Interest of Johnson v. Johnson, #6359 of our docket, 303 So.2d 617 handed down October 25, 1974; Hawkins v. Shropshire, supra, footnote 1.