CHIASSON, Judge.
The motion to dismiss this appeal is based on the grounds that the record was not lodged in this Court on or before the extended return day and that the delay was caused by the failure of appellant to timely pay the costs and fees.
The record reflects that the original return day for this devolutive appeal was October 29, 1976. On October 27, 1976, the clerk applied for and obtained an extension to November 26, 1976. On November 2, 1976, the clerk mailed a statement of the amount due to appellant’s attorney, who, on November 22, 1976, mailed a check for said amount to the clerk. The check was received by the clerk on November 24, 1976, who thereafter mailed the record to this Court on November 29, 1976. The record was received and filed by the Clerk of this Court on November 30, 1976.
The extended return date, Friday, November 26, 1976, the day after Thanksgiving, was proclaimed a legal holiday by the Honorable Edwin Edwards, Governor, State of Louisiana, under the authority granted to him by Title 1, Section 55 of the Louisiana Revised Statutes of 1950. When the last day of the time allowed to lodge a record on appeal is a legal holiday, the period is extended until the end of the next day which is not a legal holiday. Code of Civil Procedure Art. 5059. The next day, not a legal holiday, was Monday, November 29, 1976, the day on which the record was mailed by the Clerk of the District Court.
The mailing of the record on the return date has previously been held to be timely transmittal of the record within the meaning of Louisiana Revised Statute, Title 13, Section 4445. Martin v. Garlotte, 261 La. 967, 261 So.2d 632 (1972).
The conclusion that the appeal was timely renders moot the question of whether the appellate costs were timely paid.
The motion to dismiss the appeal is denied.
MOTION DENIED.